# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. JAMES W. MAYFIELD, | ) |
| 2. TERRY DURHAM, | ) |
| 3. EDMUND MIDDLETON, | ) |
| 4. MIKE MATHIS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No.: |
| | ) |
| | ) |
| 5. NATIONAL BASKETBALL ASSOCIATION, | ) |
| 6. ATLANTA HAWKS, | ) |
| 7. BOSTON CELTICS, | ) |
| 8. CHICAGO BULLS, | ) |
| 9. CHARLOTTE BOBCATS, | ) |
| 10. CLEVELAND CAVALIERS, | ) |
| 11. DALLAS MAVERICKS, | ) |
| 12. DENVER NUGGETS, | ) |
| 13. DETROIT PISTONS, | ) |
| 14. GOLDEN STATE WARRIORS, | ) |
| 15. HOUSTON ROCKETS, | ) |
| 16. INDIANA PACERS, | ) |
| 17. LOS ANGELES CLIPPERS, | ) |
| 18. LOS ANGELES LAKERS, | ) |
| 19. MEMPHIS GRIZZLIES, | ) |
| 20. MIAMI HEAT, | ) |
| 21. MILWAUKEE BUCKS, | ) |
| 22. MINNESOTA TIMBERWOLVES, | ) |
| 23. NEW JERSEY NETS, | ) |
| 24. NEW ORLEANS/OKLAHOMA CITY HORNETS, | ) |
| 25. NEW YORK KNICKS, | ) |
| 26. ORLANDO MAGIC, | ) |
| 27. PHILADELPHIA SEVENTY-SIXERS, | ) |
| 28. PHOENIX SUNS, | ) |
| 29. PORTLAND TRAILBLAZERS, | ) |
| 30. SACRAMENTO KINGS, | ) |
| 31. SAN ANTONIO SPURS, | ) |
| 32. SEATTLE SUPERSONICS, | ) |
| 33. TORONTO RAPTORS, | ) |
| 34. UTAH JAZZ, | ) |
| 35. WASHINGTON WIZARDS, | ) |
| 36. NBA PROPERTIES, INC., | ) |
| 37. NBA ENTERTAINMENT, INC., | ) |

| | |
|---|---|
| 38. **NBA MEDIA VENTURES LLC,** | ) |
| 39. **THE GUARDIAN,** | ) |
| 40. **DENTAL GUARD PREFERRED,** | ) |
| 41. **UNUM LIFE INSURANCE COMPANY** | ) |
|     **OF AMERICA,** | ) |
| 42. **ALL THE PAST, CURRENT AND FUTURE** | ) |
|     **OWNERS, AFFILIATES, SUBSIDIARIES,** | ) |
|     **WELFARE AND RETIREMENT PLANS,** | ) |
|     **DIRECTORS, OFFICERS, EMPLOYEES,** | ) |
|     **AGENTS, PARTNERS AND SHAREHOLDERS** | ) |
|     **OF ANY OF THE FOREGOING** | ) |
| | ) |
|         **Defendants.** | ) |

## COMPLAINT

    **COMES NOW** the Plaintiffs and for their cause of action against all Defendants herein allege and state:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., to recover benefits and relief due as provided in 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(2) and 1132 (a)(3).

2. Jurisdiction of this court is invoked pursuant to 29 U.S.C. §1132(e)(1).

3. Material events, acts and omissions occurred within the Western District of Oklahoma. Venue of this court is invoked pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4. Plaintiff Woody Mayfield is a citizen of Oklahoma and a resident of Oklahoma County, Oklahoma.

5. Plaintiff Terry Durham is a citizen of Oregon.

6. Plaintiff Ed Middleton is a citizen of California.

7. Plaintiff Mike Mathis is a citizen of Ohio.

8. Defendant National Basketball Association ("NBA") is a New York corporation doing business in the State of Oklahoma and within the Western District of Oklahoma. In the alternative, the NBA is an unincorporated association of its members. Defendant is the employer sponsor of a qualified ERISA disability plan of which the Plaintiffs at all relative times were

beneficiaries.

9. Defendant National Basketball Association is the Plan Administrator for Defendant disability plan Benefits for NBA Referees.

10. Plaintiffs were employed as referees by Defendant, National Basketball Association.

11. As employees, Plaintiffs were entitled to certain benefits including health, dental, life, and accidental death and dismemberment insurance, as well as employee assistance program coverage.

12. That Defendant National Basketball Association unilaterally severed the above referenced benefits.

13. The Plaintiffs timely appealed and otherwise exhausted all other administrative remedies before initiating litigation.

## COUNT I
## ERISA

14. Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if fully set forth within.

**WHEREFORE**, the Plaintiff respectfully requests that the Court grant the following relief:

1. To recover all benefits due to Plaintiffs under the terms of the plan;
2. To enforce Plaintiffs' rights under the terms of the plan;
3. To enjoin any act or practice which violates ERISA or the terms of the plan;
4. To obtain appropriate equitable relief to redress violations or enforce any provisions of ERISA or the terms of the plan;
5. Attorney's fees
6. Prejudgment interest.
7. Costs of this action.
8. All other damages allowed by law and any other relief this Court deems just.

## COUNT II
## Breach of Contract / Promissory Estoppel / Detriminal Reliance

15. Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if fully set forth within.

16. Defendant made representations to Plaintiffs both in writing and by their acts, upon which Plaintiffs relied to their detriment.

17. The Defendant's termination of benefits is a breach of the employment contract.

**WHEREFORE,** Plaintiffs pray judgment against the Defendants, and each of them, to recover all benefits due to Plaintiffs under the terms of the plan, to enforce Plaintiffs' rights under the terms of the plan, to enjoin any act or practice that violates ERISA or the terms of the plan, to obtain appropriate equitable relief to redress violations or enforce any provisions of ERISA or the terms of the plan, attorney's fees, prejudgment interest, costs of this action, All other damages allowed by law and any other relief this Court deems just, all other damages allowed by law and any other relief this Court deems just

Respectfully submitted,

Law Offices of David W. Little


s/David Little
David Little, OBA #14407
115 E. California, Suite 350
Miller-Jackson Building
Oklahoma City, OK  73104
Phone (405) 236-4200, Fax (405) 236-4205
ATTORNEY FOR PLAINTIFFS

ATTORNEY'S LIEN CLAIMED