UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

---------------------------------------------------x

JAMES W. MAYFIELD, et. al.,       :

                      :

           Plaintiffs,   :     Case No.: CIV-06-571W

                      :

      v.            :

                      :     (Document Electronically Filed)

NATIONAL BASKETBALL     :

ASSOCIATION, et. al.,       :

                      :

                      :     **AFFIDAVIT OF**

                      :     <u>**NANCY B. ZELLNER**</u>

       Defendants.   :

---------------------------------------------------x

STATE OF NEW JERSEY   )
                   ) ss.:
COUNTY OF HUDSON     )

     NANCY B. ZELLNER, being duly sworn, deposes and says:

    1.    I am currently employed by NBA Properties, Inc. as Vice President, Benefits.  As Vice President, Benefits, I oversee the Benefits Department of the National Basketball Association ("NBA"), which is responsible for, among other things, coordinating the administration of the National Basketball Association Referees Insurance Plan, which includes the Medical Plan, Dental Plan, Life Insurance Plan, Accidental Death and Dismemberment Plan and Employee Assistance Program (collectively, the "NBA Plans"), which are the subject of the above-captioned matter commenced by Plaintiffs James W. Mayfield, Terry Durham, Edmund Middleton, and Mike Mathis ("Plaintiffs").  The NBA's headquarters is comprised of a main office located in New York City and some support functions based in nearby Secaucus, New Jersey.

Dockets.Justia.com

2.      I make this affidavit in support of Defendants' Motion to Dismiss or, in the

Alternative, to Transfer Venue, based on my personal knowledge as well as review of records in

my custody.  In particular, I make this affidavit to: (1) authenticate certain plan and plan-related

documents which I understand to have been effective at the time the determination was first

made in November 2003, and implemented on May 18, 2004, that Plaintiffs were no longer

eligible for benefits in the NBA Plans; and (2) to provide information regarding the location of

persons who have, or are likely to have, information (including documents) relevant to Plaintiffs'

claims as currently alleged in their Complaint.

**Plaintiffs**

3.      All four Plaintiffs were full-time employees of the NBA until they became

disabled.  Plaintiffs have reported their last day of work as having occurred on the following

dates: Mayfield – March, 2 1998; Durham – December, 24, 2001; Mathis – December 18, 2001;

Middleton – January 15, 1999.  Plaintiffs also confirmed that these were the last days of their

active employment with the NBA in their applications to receive pension payments from the

National Basketball Association Referees' Pension Plan, which were granted.  True and correct

copies of the National Basketball Association Referees' Pension Plan Application for Pension

Benefits for each of the Plaintiffs are annexed hereto as Exhibits 1 through 4.

4.      Under the terms of the long-term disability policy issued by Unum Life Insurance

Company of America ("Unum"), Plaintiffs qualified to receive a disability benefit equal to 60%

of their basic monthly earnings reduced by certain other income benefits such as social security,

workers' compensation, and pension.  With the exception of Plaintiff Middleton, who died on

November 5, 2006, Plaintiffs are receiving disability payments from Unum.  To date, each

Plaintiff has received in excess of $450,000 in benefit payments, which does not include other disability income from other sources.

**The NBA Plans**

5.      The terms of the NBA Plans are set out in various plan documents. The terms of the Medical, Dental and Life Insurance Plans are set forth in a policy of insurance with The Guardian. The terms of the Accidental Death and Dismemberment Plan are set forth in a policy of insurance with The Chubb Group of Insurance Companies ("Chubb"). True and correct copies of the plan documents for the Medical, Dental and Life Insurance Plans, and the Accidental Death and Dismemberment Plan, are annexed hereto as Exhibits 5 and 6 respectively.

6.      The terms of all of the benefit plans are summarized in a Summary Plan Description ("SPD"). (The SPD also serves as the plan document for the Employee Assistance Program.) A true and correct copy of the SPD in effect during the relevant time period is annexed hereto as Exhibit 7.

**Determination to Deny Plaintiffs Continued Coverage under the NBA Plans**

7.      In late 2003, it was brought to my attention by my staff members that, as a result of an administrative oversight, Plaintiffs' coverage in the Medical Plan, Life Insurance Plan, Dental Plan, and Accidental Death and Dismemberment Plan had continued for substantially more than 12 months after the Plaintiffs' dates of disability. I discussed this with NBA Senior Vice President of Finance, Robert Criqui, who is the person designated to make determinations regarding these plans.

8.      A determination was made by Mr. Criqui that Plaintiffs, who were admittedly receiving long-term disability benefits and who had received in excess of the 12 months of coverage provided to former referees on disability, could not continue their coverage.

3

9.      In November of 2003, Plaintiffs were notified of the error, and informed that their coverage under the Medical Plan, the Life Insurance Plan, the Dental Plan and the Accidental Death and Dismemberment Plan would terminate. After providing Plaintiffs with approximately 6 months notice to make alternative arrangements for coverage, Plaintiffs were notified by mail in May 2004 that their coverage would cease as of May 18, 2004, subject to them electing to continue medical and dental benefits under COBRA and, with respect to the Life Insurance Plan, converting the policy into an individual policy.

10.     Based on my review of the Complaint, it is my understanding that Plaintiffs are alleging that they are entitled to receive coverage in the NBA Plans even though they are no longer actively employed with the NBA and even though they have already received the full extent of the 12 months of coverage extended to persons on disability. The determination to deny Plaintiffs continued coverage was made by Mr. Criqui, who is based in the NBA's headquarters, which is where documents relevant to that determination are also maintained.

11.     Plaintiffs also appear to be alleging that persons at the NBA made representations to them, in writing and through conduct, regarding their coverage on which they relied to their detriment. If Plaintiffs are referring to the NBA's conduct in extending benefits to them as a result of an administrative error, documents relating to the administrative error and how it was discovered and rectified are located in the NBA's headquarters.

12.     No decisions with respect to Plaintiffs' eligibility for coverage under the NBA Plans could have been made from Oklahoma because the NBA does not have any corporate offices in Oklahoma. In fact, the NBA did not even have a team in Oklahoma until late 2005 – well after the relevant events in this lawsuit – when the New Orleans Hornets temporarily transferred to Oklahoma in the aftermath of Hurricane Katrina. In addition, the Hornets do not

4

employ (and have never employed) NBA referees, nor do they have any involvement in the

administration of their benefit plans.

*Nancy B Zellner*

NANCY B. ZELLNER

Sworn to before me this
9 day of May, 2007

*Susan Gawlick*

Notary Public

SUSAN GAWLICK
Notary Public, State of New Jersey
No. 2183226
Qualified in Hudson County
Commission Expires October 23, 20*10*

 s/Stephanie A. Horton*_____

*I certify that I have the signed original of this document, which is available for inspection at any time by the Court or a party to this action.*

Respectfully submitted,


  s/Stephanie A. Horton_____
Graydon Dean Luthey, Jr., OBA #5568
Stephanie A. Horton, OBA #19834
HALL, ESTILL, HARDWICK, GABLE,
  GOLDEN & NELSON, P.C.
320 South Boston Avenue, Suite 400
Tulsa, Oklahoma 74103-3708
Telephone:  (918) 594-0400
Facsimile:  (918) 594-0505
dluthey@hallestill.com
shorton@hallestill.com

**ATTORNEYS FOR DEFENDANTS NATIONAL BASKETBALL ASSOCIATION, NEW ORLEANS HORNETS NBA LIMITED PARTNERSHIP, NBA PROPERTIES, INC., NBA ENTERTAINMENT, INC., AND NBA MEDIA VENTURES, LLC.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2007, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

David W. Little
Law Offices of David Little
115 E. California Street
Suite 350
Oklahoma City, OK 73104
davidwlittle@msn.com


_____s/Stephanie A. Horton_____

732014.1:620132:01310