# EXHIBIT 6

Dockets.Justia.com



*Blanket Accident Insurance*

# BLANKET ACCIDENT INSURANCE PROGRAM

# FOR:  NATIONAL BASKETBALL ASSOCIATION, ETAL

Producer:

BWD GROUP, LLC.
113 SOUTH SERVICE ROAD
JERICHO, NY 11753-8950

Chubb Servicing Office:

GRP BNFT EAST
55 WATER STREET
28TH - 30TH FLOOR
NEW YORK, NY  10041-2899

Words and phrases that appear in **bold** print have special meanings and are defined in the Definitions section(s) of t contract.

Throughout this policy the words "you" and "your" refer to the **Policyholder** shown in the Declarations of this polic The words "we", "us" and "our" refer to the **Company** providing this insurance.





**Blanket Accident Insurance**

CHUBB

## How To Report A Loss

*To report a Loss, use the following procedure.*

**Loss Notification**

Should you have a Loss, contact your agent/broker in writing or by telephone as soon as possible.

Agent/Broker Name:    BWD GROUP, LLC.

Address:    113 SOUTH SERVICE ROAD
JERICHO, NY 11753-8950

Telephone Number:    516-327-2700          Policy Number:    6406-86-39

**Agent/Broker Unavailable**

If for any reason you are unable to reach your agent/broker, please contact our Claim Department in writing or by telephone as soon as possible:

Company:    FEDERAL INSURANCE COMPANY

Address:    Claims Service Center
600 Independence Parkway
Chesapeake, VA 23327-4700

Telephone Number:    1-800-252-4670

If you are reporting a Loss by telephone you can contact us between the hours of 8:30 a.m. to 4:30 p.m. Monday - Friday.

**Emergency**

If you are unable to contact your agent/broker or our office and it is an emergency situation, the following toll free number is available during non-business hours.

Telephone Number:    1-800-252-4670



**CHUBB**

## PRIVACY POLICY AND PRACTICES

**THIS NOTICE IS BEING SENT TO THE MASTER POLICYHOLDER OF A GROUP INSURANCE POLICY. IT DESCRIBES CHUBB'S POLICY FOR HANDLING CERTAIN PERSONAL INFORMATION OF ITS INDIVIDUAL CUSTOMERS.**

Chubb has been serving the insurance needs of our customers for more than a century. To continue to provide innovative products and services that respond to your insurance needs, Chubb collects certain personal information about you, which is described below in **The Personal Information We Collect**. At Chubb, we respect the privacy of our customers. Chubb's personal information handling practices are regulated by law, and this Privacy Policy describes those practices.

### Chubb's Privacy Policy

**The Personal Information We Collect.** Chubb collects personal information about you and the members of your household to conduct business operations, provide customer service, offer new products, and satisfy legal and regulatory requirements.

We may collect the following categories of information about you from these sources:

- Information from you directly or through your agent, broker, or, automobile assigned risk plan, including information from applications, worksheets, questionnaires, claim forms or other documents (such as name, address, driver's license number, and amount of coverage requested).

- Information about your transactions with us, our affiliates or others (such as products or services purchased, claim made, account balances and payment history).

- Information from a consumer reporting agency (such as motor vehicle reports).

- Information from other non-Chubb sources (such as prior loss information and demographic information).

- Information from visitors to our websites (such as that provided through online forms and online information collection devices known as "cookies"). Chubb does not use "cookies" to retrieve information from a visitor's computer that was not originally sent in a "cookie".

- Information from an employer, benefit plan sponsor, benefit plan administrator or master policyholder for any Chubb individual or group insurance product that you may have (such as name, address and amount of coverage requested).

**The Personal Information We Share.** Chubb may disclose the personal information we collect to service, process, administer business operations such as underwriting and claims, and for other purposes such as the marketing of products or services, regulatory compliance, the detection or prevention of fraud, or as otherwise required or allowed by law. These disclosures may be made without prior authorization from you, as permitted by law.

**Sharing Personal Information With Others.** Chubb may disclose the personal information we collect to affiliated and non-affiliated parties for processing and servicing transactions, such as reinsurers, insurance agents or brokers, property and automobile appraisers, auditors, claim adjusters, third party administrators and, in the case of group insurance, employers, benefit plan sponsors, benefit plan administrators or master policyholders. For example, Chubb may disclose personal information to our affiliates and other parties that perform services for us such as customer service or account maintenance. Specific examples include mailing information to you and maintaining or developing software for us. Chubb may also disclose personal information to nonaffiliated parties as permitted by law. For example, we may disclose information in response to a subpoena, to detect or prevent fraud, or to comply with an inquiry or requirement of a government agency or regulator.

**Sharing Personal Information With Service Providers or for Joint Marketing.** Chubb may disclose the personal information we collect to agents and brokers so that they can market financial products and services and to service providers who perform functions for us. Any such disclosure is required to be subject to an agreement with us that includes a confidentiality provision. We do not disclose personal information to other financial institutions with which we may have joint marketing arrangements; however, we reserve the right to do so in the future, subject to the other financial institution entering into an agreement with us that includes a confidentiality provision.

**Confidentiality and Security of Personal Information.** Access to personal information is allowed for business purpose only. The people who have access to personal information, including employees of Chubb and its affiliates, and non employees performing business functions for Chubb, are under obligations to safeguard such information. Chubb maintain physical, electronic, and procedural safeguards to guard your personal information.

**Personal Health Information.** Under certain circumstances, we also collect personal health information about ou customers, such as information regarding an accident, disability or injury, for underwriting or claim purposes. Chubb doe not disclose your personal health information to others for the purpose of marketing to you unless we have your expres consent.

**Personal Information of Former Customers.** Chubb's personal information privacy policy also applies to forme customers.

**Changes in Privacy Policy.** Chubb may choose to modify this policy at any time. We will notify customers of an modifications at least annually.

**Definitions.**

"Chubb" means the following companies on whose behalf this notice is given:

Chubb & Son Inc.
Chubb & Son Inc. (of Illinois)
Chubb Custom Insurance Company
Chubb Custom Market, Inc.
Chubb Indemnity Insurance Company
Chubb Insurance Company of New Jersey
Chubb Lloyds Insurance Company of Texas
Chubb Multinational Managers, Inc.
Chubb National Insurance Company
Executive Risk Indemnity Inc
Executive Risk Specialty Insurance Company
Federal Insurance Company
Great Northern Insurance Company
Northwestern Pacific Indemnity Company
Pacific Indemnity Company
Quadrant Indemnity Company
Texas Pacific Indemnity Company
Vigilant Insurance Company

"Customer" and "you" mean any individual who obtains or has obtained a financial product or service from Chubb that is be used primarily for personal, family or household purposes. This notice applies to customers only.

"Personal information" means non-public personal information, which is defined by law as personally identifiable financi information provided by you to Chubb, resulting from a transaction with or any service performed for you by Chubb, otherwise obtained by Chubb. Personal information does not include publicly available information as defined by applicab law.

**Chubb Group of Insurance Companies**
**Accident Benefits and Life Department**
**Attention: Privacy Inquiries**
**15 Mountain View Road**
**P.O. Box 1615**
**Warren, New Jersey, 07061-1615**

*Blanket Accident Insurance*

## Table Of Contents

*Section*

*Insuring Agreement*

*Premium Summary*

*Schedule of Forms*

*Declarations*

*Blanket Accident Insurance Contract*
- *Coverage*
- *Extensions of Coverage*
- *Territory*
- *Exclusions*
- *Definitions*

*Hazard(s)*

*Common Policy Conditions*
- *(includes conditions for Beneficiary, Cancellation, Claim and others)*

*Endorsement(s)*

*THIS PAGE INTENTIONALLY LEFT BLANK*





## *Blanket Accident Insurance*

CHUBB

### *Insuring Agreement*

*Chubb Group of Insurance Companies*
*15 Mountain View Road*
*Warren, NJ 07059*

*Policyholder's Name and Mailing Address*

NATIONAL BASKETBALL ASSOCIATION, ETAL
645 5TH AVENUE
NEW YORK, NY 10022

*Policy Number*   6406-86-39

*Effective Date*   JANUARY 1, 2004

*Issued by the stock insurance company*
*indicated below, herein called the company.*

**FEDERAL INSURANCE**
**COMPANY**

*Incorporated under the laws of*
*INDIANA*

*Producer No.*   0012279

*Producer*    BWD GROUP, LLC.
113 SOUTH SERVICE ROAD
JERICHO, NY 11753-8950

## *Company and Policy Period*

Insurance is issued by the **Company** in consideration of payment of the required premium.

This policy begins and ends at 12:01 AM Standard Time at the **Policyholder's** address on the dates shown below:

From:   JANUARY 1, 2004          To:   JANUARY 1, 2007

The **Policyholder's** acceptance of this policy terminates, any prior policy of the same number issued to the **Policyholder** by the **Company**, effective with the inception of this policy.

This Insuring Agreement, together with the Premium Summary, Schedule Of Forms, Declarations, Contract, Hazards, Common Policy Conditions and Endorsements comprise this policy.  If this policy is a renewal, we have only reissued to you those policy documents containing changes from your previous policy period coverages and any new additional coverages or policy provisions.  All other policy documents continue in effect.

The **Company** issuing this policy has caused this policy to be signed by its authorized officers, but this policy shall not be valid unless also signed by a duly authorized representative of the **Company**.

FEDERAL INSURANCE COMPANY (incorporated under the laws of Indiana)

*Thomas F. Motamed*

President

*Henry A Aulieb*

*Secretary*

*Authorized Representative*     *Robert Hamburger*





**CHUBB**

## Blanket Accident Insurance

### Premium Summary

**Chubb Group of Insurance Companies**
**15 Mountain View Road**
**Warren, NJ 07059**

*Policyholder's Name and Mailing Address*

NATIONAL BASKETBALL ASSOCIATION, ETAL
645 5TH AVENUE
NEW YORK, NY 10022

Policy Number   6406-86-39

Effective Date   JANUARY 1, 2004

*Issued by*
**FEDERAL INSURANCE COMPANY**
*Incorporated under the laws of INDIANA*

*Producer No.*   0012279

*Producer*   BWD GROUP, LLC.
113 SOUTH SERVICE ROAD
JERICHO, NY 11753-8950

---

## Section I - Policy Period

From:   JANUARY 1, 2004         To:   JANUARY 1, 2007
12:01 A.M. standard time at the **Policyholder's** mailing address shown above.

---

## Section II - Coverage                                    Premium

**BLANKET ACCIDENT INSURANCE**                              SEE BELOW

    LOSS OF USE                                         INCLUDED
    SEAT BELT                                           INCLUDED
    PSYCHOLOGICAL THERAPY                               INCLUDED
    REHABILITATION/RETRAINING                           INCLUDED
    OWNED OR LEASED AIRCRAFT EXTENSION                  INCLUDED
    WAR RISK                                            SEE BELOW

### Total

Any premiums shown as Auditable will be billed as indicated below and adjusted as explained in the Common Policy Conditions under Premium Provisions.

---

## Section III - Premium Payment

The **Policyholder** shown in the Declarations is responsible for the payment of all premiums. Annual Premiums and Deposit Premiums are due at the beginning of the policy period and each future anniversary unless otherwise indicated. Any return premiums will be paid to the **Policyholder**.

**REPORTING:**

*Reporting Period*                                          *Payment Due Date*

Monthly                                                     1st day of each month

THE POLICY PREMIUM IS DETERMINED AT AN ANNUAL
RATE OF $.36 PER $1,000 ($.03 MONTHLY) OF ACCIDENTAL DEATH

### Premium Summary
*(continued)*

AND DISMEMBERMENT COVERAGE.

 


**CHUBB**

## *Blanket Accident Insurance*

### *Schedule of Forms*

| | |
|---|---|
| *Policy Period* | JANUARY 1, 2004   TO   JANUARY 1, 2007 |
| *Effective Date* | JANUARY 01, 2004 |
| *Policy Number* | 6406-86-39 |
| *Policyholder* | NATIONAL BASKETBALL ASSOCIATION, ETAL |
| *Name of Company* | FEDERAL INSURANCE COMPANY |
| *Date Issued* | DECEMBER 11, 2003 |

The following is a schedule of forms issued with the policy at inception.

| Form Name | Form Number | |
|---|---|---|
| HOW TO REPORT A LOSS | 44-02-0888 | (01/95) |
| INSURING AGREEMENT | 44-02-0890 | (01/95) |
| PREMIUM SUMMARY | 44-02-0891 | (01/95) |
| DECLARATIONS | 44-02-0893 | (01/95) |
| SUPPLEMENTAL BENEFIT AMOUNTS DECLARATION | 44-02-0936 | (01/95) |
| BLANKET ACCIDENT CONTRACT | 44-02-0894 | (01/95) |
| COMMON POLICY CONDITIONS | 44-02-0895 | (01/95) |
| ARMED SERVICES ENDORSEMENT | 44-02-2080 | (09/01) |
| NEW YORK FOREIGN NATIONAL FACILITY OF PAYMENT | 44-02-2158 | (02/01) |
| COMMON CARRIER BUSINESS AND PLEASURE | 44-02-0928 | (01/95) |
| 24 HR BUS & PLEASURE FAMILY COVERAGE EXT. | 44-02-1382 | (08/96) |
| LOSS OF USE | 44-02-0901 | (01/95) |
| OWNED OR LEASED AIRCRAFT EXTENSION | 44-02-0913 | (01/95) |
| SEAT BELT | 44-02-0914 | (01/95) |
| WAR RISK | 44-02-0933 | (01/95) |
| PSYCHOLOGICAL THERAPY | 44-02-0934 | (01/95) |
| REHABILITATION/RETRAINING | 44-02-0935 | (01/95) |
| EDUCATION EXPENSE ENDORSEMENT | 44-02-0926 | (01/95) |
| POLICYHOLDER NAME | 44-02-0926 | (01/95) |
| LOSS OF USE AMENDMENT | 44-02-0926 | (01/95) |
| WAR RISK AMENDMENT | 44-02-0926 | (01/95) |

 



**CHUBB**

## *Blanket Accident Insurance*

### *Declarations*

Chubb Group of Insurance Companies
15 Mountain View Road
Warren, NJ 07059

*Policyholder's Name and Mailing Address*

NATIONAL BASKETBALL ASSOCIATION, ETAL
645 5TH AVENUE
NEW YORK, NY 10022

Policy Number     6406-86-39

*Effective Date*     JANUARY 1, 2004

*Issued by the stock insurance company indicated below.*
**FEDERAL INSURANCE COMPANY**
*Incorporated under the laws of INDIANA*

*Producer No.*     0012279

*Producer*     BWD GROUP, LLC.
113 SOUTH SERVICE ROAD
JERICHO, NY 11753-8950

## *Section I - Policy Period*

From:     JANUARY 1, 2004     To:     JANUARY 1, 2007
12:01 A.M. standard time at the **Policyholder's** mailing address shown above.

## *Section II - Persons Insured*

The following are the Persons Insured under this policy:

| Class | Description |
|---|---|
| 1 | ALL SALARIED (STAFF) EMPLOYEES OF THE POLICYHOLDER. |
| 2 | ALL ACTIVE REFEREES OF THE POLICYHOLDER. |
| 3 | ALL REFEREES OF THE POLICYHOLDER WITH A RETIREMENT DATE AFTER 10/15/92 AND BEFORE 12/7/95. |
| 4 | ALL RETIRED REFEREES OF THE POLICYHOLDER AS PER 12/7/95 CBA WITH AT LEAST 10 YEARS OF SERVICE. |
| 5 | ALL RETIRED REFEREES OF THE POLICYHOLDER AS PER 12/7/95 CBA WITH AT LEAST 20 YEARS OF SERVICE AND OVER AGED 54. |
| 6 | ALL SCOUTS OF THE POLICYHOLDER. |

If an **Insured Person** is included in more than one **Class**, the **Insured Person** will be covered for only the **Benefit Amount** applicable to one **Class**. The **Insured Person** will be considered a member of the applicable **Class** that provides the **Insured Person** the largest **Benefit Amount** for the particular **Accident** and **Loss** that has occurred.

An **Insured Person** is added for coverage as a **Class** member at any time during the policy period that the **Insured Person** fits the **Class** description. An **Insured Person** will be deleted from a **Class** and coverage ends at any time the **Insured Person** no longer fits the **Class** description. All premium adjustments will be made according to the terms of this policy.

 

(continued)
## Section III - Hazards

The following are the **Hazards** during which coverage applies:

| Hazards | Form Number |
|---|---|
| 24 HOUR BUSINESS AND PLEASURE FAMILY COVERAGE | 44-02-1382 (08/96) |
| COMMON CARRIER BUSINESS AND PLEASURE | 44-02-0928 (01/95) |

## Section IV - Benefits

### BENEFIT AMOUNTS

#### Accidental Loss of Life and Scheduled Benefits

The following are **Loss of Life Benefit Amounts** for each **Class** and corresponding **Hazards**:

| Class | Benefit Amounts |
|---|---|
| | **24 HOUR BUSINESS AND PLEASURE FAMILY COVERAGE** |
| 1 | SEE 44-02-0936 |
| 2 | $500,000 |
| 3 | $300,000 |
| 4 | $500,000 |
| 5 | $500,000 |
| 6 | $100,000 |
| | **COMMON CARRIER BUSINESS AND PLEASURE** |
| 1 | SEE 44-02-0936 |
| 2 | $500,000 |
| 3 | $300,000 |
| 4 | $500,000 |
| 5 | $500,000 |
| 6 | $100,000 |

| X | Multiple of salary applies, refer to the Supplemental Benefit Amounts Declarations. |
|---|---|

The following are **Losses** covered and the corresponding Scheduled **Benefit Amounts**.

| Accidental Loss of | Percent of Loss of Life Benefit Amount |
|---|---|
| Life | 100% |
| Speech and Hearing | 100% |
| Speech and one of: Hand, Foot or Sight of One Eye | 100% |
| Hearing and one of: Hand, Foot or Sight of One Eye | 100% |

  

**CHUBB**

## Blanket Accident Insurance

### Declarations

**Effective Date**     JANUARY 01, 2004

**Policy Number**     6406-86-39

(continued)

| | |
|---|---|
| Both Hands, Both Feet or Sight of Both Eyes or a Combination of a Hand, a Foot or Sight of One Eye | 100% |
| One Hand or One Foot or Sight of One Eye | 100% |
| Speech or Hearing | 100% |
| Thumb and Index Finger of the same Hand | 100% |

### LOSS OF USE

The following are **Loss of Life Benefit Amounts** for each Class. The same **Hazards** apply as stated above for **Accidental Loss of Life**.

| Class | Benefit Amount |
|---|---|
| 1 | SEE 44-02-0936 |
| 2 | $500,000 |
| 3 | $300,000 |
| 4 | $500,000 |
| 5 | $500,000 |
| 6 | $100,000 |

If an **Insured Person** has multiple **Losses** as the result of one **Accident**, we will pay only the single largest **Benefit Amount** applicable to the **Losses** suffered.

### SEAT BELT

10 percent of the **Accidental Loss of Life Benefit Amount**.

### PSYCHOLOGICAL THERAPY

Ten (10)    percent of the **Accidental Loss of Life Benefit Amount**.

### REHABILITATION/RETRAINING

Ten (10)    percent of the **Accidental Loss of Life Benefit Amount**.

## Section V - Maximum Limit Of Insurance

The following are the maximum amounts we will pay:

### Limit of Insurance

N/A         per     ACCIDENT

 

*(continued)*

If more than one (1) **Insured Person** suffers a Loss in the same **Accident**, we will not pay more than the maximum Limit of Insurance shown above. If an **Accident** results in **Benefit Amounts** becoming payable, which when totalled, exceed the applicable Limit of Insurance shown above, the maximum Limit of Insurance will be divided proportionally among the **Insured Persons**, based on each applicable **Benefit Amount**.

Coverage only applies for the **Classes, Hazards, Benefit Amounts** and **Losses** that are specifically indicated as covered.

last pa

  

**CHUBB**

## *Blanket Accident Insurance*

### *Supplemental Benefit Amounts Declarations*

Chubb Group of Insurance Companies
15 Mountain View Road
Warren, NJ 07059

*Policyholder's Name and Mailing Address*

NATIONAL BASKETBALL ASSOCIATION, ETAL
645 5TH AVENUE
NEW YORK, NY 10022

Policy Number    6406-86-39

Effective Date    JANUARY 1, 2004

Issued by the stock insurance company
indicated below.
**FEDERAL INSURANCE
COMPANY**
Incorporated under the laws of
INDIANA

Producer No.    0012279

Producer    BWD GROUP, LLC.
113 SOUTH SERVICE ROAD
JERICHO, NY 11753-8950

The following **Benefit Amounts** are added to Section IV of the Declarations, **Benefit Amounts**:

<u>*Accidental Loss of Life and Scheduled Benefits*</u>

The following are **Loss of Life Benefit Amounts** for each **Class** and corresponding **Hazard**:

| <u>*Class*</u> | <u>*Benefit Amounts*</u> |
|---|---|
| | *COMMON CARRIER BUSINESS AND PLEASURE* |
| 1 | 2    times salary, subject to a maximum **Benefit Amount** of $1,500,000*, and a minimum **Benefit Amount** of $50,000. |
| | *24 HOUR BUSINESS AND PLEASURE FAMILY COVERAGE* |
| 1 | 2    times salary, subject to a maximum **Benefit Amount** of $1,500,000*, and a minimum **Benefit Amount** of $50,000. |

<u>*Salary*</u>

**Salary** means:  Basic annual earnings at the time of Loss, excluding
commissions, overtime, bonuses and incentive payments.

*The Benefit Amount will be rounded to the next higher
$1,000 if not already an even multiple thereof.

 



## Blanket Accident Insurance

### Contract

Words and phrases that appear in **bold** print have special meanings and are defined in the Definitions section(s) of this contract.

Throughout this policy the words "you" and "your" refer to the **Policyholder** shown in the Declarations of this policy. The words "we", "us" and "our" refer to the **Company** providing this insurance.

| | |
|---|---|
| **Section I - Coverage** | We will pay the applicable **Benefit Amount** if an **Accident** results in a **Loss** not otherwise excluded. The **Accident** must result from a covered **Hazard** and occur during the policy period. The **Loss** must occur within one (1) year of the **Accident**. |

**Section II - Extensions Of Coverage**

| | |
|---|---|
| *Disappearance* | If the **Insured Person** has not been found within one (1) year of the disappearance, stranding, sinking, wrecking or breakdown of any conveyance in which the **Insured Person** was covered as an occupant, it will be assumed, subject to all other terms of the policy, that the **Insured Person** has suffered **Loss of Life** covered under this policy. |
| *Exposure* | **Accident** includes unavoidable exposure to elements arising from a covered **Hazard**. |

| | |
|---|---|
| **Section III - Territory** | This insurance applies worldwide. |

**Section IV - Exclusions**

| | |
|---|---|
| *Aircraft Owned, Leased Or Operated* | This insurance does not apply to an **Accident** occurring while an **Insured Person** is in, entering, o exiting any aircraft owned, leased or operated by the **Policyholder** or any aircraft owned, leased o operated by an employee of the **Policyholder** on behalf of the **Policyholder**. This exclusion does not apply to aircraft chartered with pilot or crew on a one time charter basis. |
| *Aircraft Pilot Or Crew* | This insurance does not apply to an **Accident** occurring while an **Insured Person** is in, entering, c exiting any aircraft while acting or training as a pilot or crew member. This exclusion does not apply to passengers who temporarily perform pilot or crew functions in a life threatening emergency. |
| *Disease Or Illness* | This insurance does not apply to **Loss** caused by or resulting from an **Insured Person**'s emotional trauma, mental or physical illness, disease, pregnancy, childbirth or miscarriage, bacterial or viral infection, or bodily malfunctions. |

 

## Section IV - Exclusions

| | |
|---|---|
| *Disease Or Illness* (continued) | This exclusion does not apply to Loss resulting from an Insured Person's bacterial infection caused by an **Accident** or from **Accidental** consumption of a substance contaminated by bacteria. |
| *Suicide Or Intentional Injury* | This insurance does not apply to suicide, attempted suicide or Loss that is intentionally self-inflicted. |
| *War* | This insurance does not apply to Loss caused by or resulting from a declared or undeclared **War**. Declared or undeclared **War** does not include acts of terrorism. |

  

**CHUBB**

### *Blanket Accident Insurance*

## Section V - Definitions

| | |
|---|---|
| *Accident Or Accidental* | **Accident or Accidental** means a sudden, unforeseen and unexpected event happening by chance. |
| *Accidental Bodily Injury(ies)* | **Accidental Bodily Injury(ies)** means bodily injury which is **Accidental**, is the direct source of a **Loss**, is independent of disease, illness or other cause and occurs while this policy is in force. |
| *Benefit Amount* | **Benefit Amount** means the **Loss** amount applicable to each **Class** and **Hazard** as shown in Section IV of the Declarations, Benefits. |
| *Class* | **Class** means the persons described in Section II of the Declarations, Persons Insured. |
| *Company* | **Company** means the Federal Insurance Company. |
| *Hazard* | **Hazard** means the covered circumstances for which this insurance is provided as stated in Section III of the Declarations, **Hazards**, and described in the **Hazards** form. |
| *Insured Person* | **Insured Person** means a person described as a **Class** member in Section II of the Declarations, Persons Insured. |
| *Loss* | **Loss** means the types of **Accidental Bodily Injuries** listed in Section IV of the Declarations, Benefits, and for which this insurance provides coverage. |
| *Loss Of Foot* | **Loss of Foot** means the complete severance through or above the ankle joint. We will consider it a **Loss of Foot** even if the foot is later reattached. |
| *Loss Of Hand* | **Loss of Hand** means complete severance through or above the knuckle joints of at least 4 fingers on the same hand or at least 3 fingers and the thumb on the same hand. We will consider it a **Loss of Hand** even if the fingers and/or thumb are later reattached. |
| *Loss Of Hearing* | **Loss of Hearing** means the permanent and irrecoverable **Loss of Hearing** in both ears, as determined by a **Physician**. |
| *Loss Of Life* | **Loss of Life** means death, including clinical death determined by the local governing medical authorities. |

 

## Section V - Definitions
(continued)

| | |
|---|---|
| *Loss Of Sight Of An Eye* | **Loss of Sight of an Eye** means the permanent loss of vision in one eye. Remaining vision must be no better than 20/200 using a corrective aid or device as determined by a **Physician**. |
| *Loss Of Speech* | **Loss of Speech** means the permanent and irrecoverable total loss of the capability of speech without the aid of mechanical devices, as determined by a **Physician**. |
| *Loss Of Thumb And Index Finger* | **Loss of Thumb and Index Finger** means complete severance through or above the knuckle joints of the thumb and index finger of the same hand. We will consider it a **Loss of Thumb and Index Finger** even if one or both are later reattached. |
| *Physician* | **Physician** means a person who is licensed as a medical doctor or a doctor of osteopathy by the laws of the jurisdiction in which treatment is given and who is qualified to provide the medical treatment. A **Physician** does not include a family member of the **Insured Person**, a social worker, a physical therapist or an intern. |
| *Policyholder* | **Policyholder** means the entity responsible for the payment of premium, identified and stated in the Insuring Agreement. |
| *War* | **War** means: |

*War*

**War** means:

1)  hostilities following a declaration of **War** by a governmental authority;

2)  if there is no declaration of **War**, then armed, open and continuous hostilities between two countries; or

3)  armed, open and continuous hostilities between two factions, each in control of territory, or claiming jurisdiction over the site of the area of hostility.

 



*Blanket Accident Insurance*

## Common Policy Conditions

**Addition Of New Persons Insured**

All new persons added to the **Class**(es) described in Section II of the Declarations, Persons Insured, will automatically be **Insured Persons** under this policy.

**Advertisement**

The **Policyholder** and its representatives must obtain our prior written approval of all material used for advertising and solicitation of this policy. We will not be responsible for any increase in **Loss** payment or any changes in coverage resulting from such materials that have not been approved by us.

**Arbitration**

In the event of a dispute under this policy, either we or the **Insured Person** may make a written demand for arbitration. In that case, we and the **Insured Person** will each select an arbitrator. The two arbitrators will select a third. If they cannot agree within fifteen (15) days, either we or the **Insured Person** may request that the choice of arbitrator be submitted to the American Arbitration Association. The arbitration will be held in the state of the **Insured Person's** principal residence.

**Beneficiary**

The **Loss of Life** benefit will be paid to the beneficiary designated by the **Insured Person**. This choice must be in writing and filed with the **Policyholder**. All other **Benefit Amounts** are paid to the **Insured Person**, unless otherwise directed by the **Insured Person** or the **Insured Person's** designee.

If the **Insured Person** has not chosen a beneficiary, or if there is no beneficiary alive when the **Insured Person** dies, we will pay the **Benefit Amount** to the first surviving class in the following order:

a)   the **Insured Person's** spouse;

b)   in equal shares to the **Insured Person's** surviving children;

c)   in equal shares to the **Insured Person's** surviving parents;

d)   in equal shares to the **Insured Person's** surviving brothers and sisters;

e)   to the **Insured Person's** estate.

**Beneficiary Changes**

The **Insured Person**, and no one else, has the right to change the beneficiary. The **Insured Person** does not need the consent of anyone to do so. Changes must be in writing and filed with the **Policyholder**. We do not assume any responsibility for the validity of these changes.

**Benefit Assignment**

Benefits may be assigned by giving us prior written notice.

 

**Cancellation, Nonrenewal And Grace Period**

The **Policyholder** may cancel this policy or any of its individual coverages by sending us written notice stating when cancellation is to take effect. The effective date of cancellation may not be earlier than the date notice is mailed or transmitted.

We may cancel this policy or any of its individual coverages if the **Policyholder** fails to pay the premium within the grace period of thirty-one (31) days after the premium due date. We will send written notice stating the effective date of cancellation, which will be no earlier than ten (10) days from the date of the notice.

The **Policyholder** is entitled to a grace period of thirty-one (31) days for the payment of premium due. This policy will continue in force during the grace period. The grace period does not apply to the first premium payable during the policy term. Failure to pay the first premium on or before the due date will immediately terminate this policy. We are not required to provide notification of such termination.

If this is a multi-year policy, we may cancel the policy or any of its individual coverages effective on the annual anniversary date. We will send written notice of the cancellation at least forty-five (45) days before the anniversary date.

We may nonrenew this policy by sending written notice at least thirty (30) days before the expiration date.

We will send notice of cancellation or nonrenewal to the **Policyholder** at its last known address. If the notice is mailed, proof of mailing will be considered proof of cancellation or nonrenewal.

The earned premium will be computed on a pro-rata basis. Any unearned premium will be returned to the **Policyholder** as soon as practicable.

**Certificate**

When required by law, we will issue to the **Policyholder** for delivery to the **Insured Person** a Certificate of Insurance. The Certificate of Insurance will describe the benefits, exclusions, limitations, and provisions of this policy and state to whom benefits are payable. Any subsequent changes to the policy will also apply to the existing Certificates.

**Changes**

This policy can only be changed by a written endorsement that becomes a part of this policy. The endorsement must be approved by one of our officers and signed by one of our authorized representatives. No agent has the authority to change this policy or waive any of its provisions.

**Claim Forms**

When we receive notice of a claim we will send the **Insured Person** or the **Insured Person's** designee, within fifteen (15) days, forms for giving us Proof of Loss. If the **Insured Person** or the **Insured Person's** designee does not receive the forms, the **Insured Person** or the **Insured Person's** designee should send us a written description of the **Loss**. This written description should include information covering the occurrence, character and extent of the **Loss** for which claim is made.

**Claim Notice**

Written Notice of Claim must be given to us or any of our appointed agents or brokers within twenty (20) days after the occurrence or commencement of any **Loss** covered by this policy or as soon as reasonably possible. Notice must include enough information to identify the **Insured Person** and **Policyholder**. Failure to give Notice of Claim within twenty (20) days will not invalidate or reduce any claim if notice is given as soon as reasonably possible.

  

**CHUBB**

## *Blanket Accident Insurance*

| | |
|---|---|
| **Claim Payment** | For benefits payable involving disability, we will pay the **Insured Person** or beneficiary the applicable **Benefit Amount** no less frequently than monthly during the continuance of the period for which we are liable. At the end of this period, we will immediately pay any remaining balance of the **Benefit Amount**. All payments by us are subject to receipt of written Proof of Loss. |
| | For all benefits payable under this policy except those for disability, we will pay the **Insured Person** or beneficiary the applicable **Benefit Amount** within sixty (60) days after we receive a complete Proof of Loss, if the **Insured Person** and **Policyholder** have complied with all the terms of this policy. |
| **Claim Proof Of Loss** | For claims involving disability, written Proof of Loss must be given to us within thirty (30) days after commencement of the period for which we are liable. Subsequent written proof of the continuance of such disability must be given to us at such intervals as we may reasonably require. |
| | Failure to give written Proof of Loss within these time frames will not invalidate or reduce any claim if notice is given as soon as reasonably possible, and in no event, except in cases where the claimant lacks legal capacity, later than one (1) year after the deadline to submit written Proof of Loss. |
| | For all claims except those involving disability, written Proof of Loss must be given to us within ninety (90) days after the date of **Loss**, or as soon as reasonably possible. |
| **Claim And Suit Cooperation** | In the event of a claim under this policy, the **Policyholder** and the **Insured Person** must fully cooperate with us in our handling of the claim, including but not limited to the timely submission of all medical and other reports, and full cooperation with all physical examinations and autopsies that we may choose to conduct. |
| | If the **Policyholder** is sued in connection with a claim under this policy, the **Policyholder** will immediately give us copies of every demand, notice and summons which the **Policyholder** receives relating to such suit. The **Policyholder** must fully cooperate with us in the handling of such suit. At our request, the **Policyholder** will assist in the settlement or conduct of the suit, and in the enforcement of any right of contribution or indemnity against any person who may be liable to an **Insured Person** in connection with a covered **Loss** under this policy. The **Policyholder** or its designee will attend all hearings and trials and assist in giving evidence and securing the attendance of witnesses. The **Policyholder** must not, except at its own expense, voluntarily make any payment or assume any obligation in connection with such suit without our prior written consent. |
| **Compliance By Policyholder And Insured** | We have no duty to provide coverage under this policy unless the **Policyholder** and the **Insured Person** have fully complied with all the terms and conditions of this policy. |
| **Conformance With Statutes** | Any terms of this policy which are in conflict with the applicable statutes, laws or regulations of the state or territory in which this policy is issued are amended to conform to such statutes. |

 

**Entire Contract And Application**

This policy, together with the endorsements and other attached papers, if any, constitutes the entire contract of insurance. If an application is completed by the **Policyholder** in connection with this policy, we will attach the application to the policy when it is issued, and the application will be part of the policy.

**Examination Under Oath**

The **Company** has a right to examine under oath, as often as it may reasonably require, the **Insured Person**, the **Policyholder** or the beneficiary. The **Company** may also require the **Insured Person**, the **Policyholder** or the beneficiary to provide a signed description of the circumstances surrounding the **Loss** and their interest in the **Loss**. The **Insured Person**, the **Policyholder** and the beneficiary will also produce all records and documents requested by the **Company**, and will permit the **Company** to make copies of such records or documents.

**Legal Action Against Us**

No legal action may be brought to recover on this policy until sixty (60) days after we have been given complete written Proof of Loss. No such action may be brought after three (3) years from the time written Proof of Loss is required to be given. No such action may be brought unless there has been full compliance with all of the terms of this policy.

In no case will we be liable for benefits that are not payable under the terms of this policy or that exceed the applicable **Benefit Amounts** or Limits of Insurance.

**Liberalization**

If we adopt any changes:

1)      within 45 days prior to the effective date shown in the Insuring Agreement; or

2)      during the policy period,

which could broaden this insurance without an additional premium charge, the **Insured Person** will automatically receive the benefit of the broadened coverage.

**Newly Acquired Or Newly Formed Organizations**

If the **Policyholder** acquires another entity, the newly acquired entity will be included as a **Policyholder** and the following will qualify as **Insured Persons**:

1)      all eligible employees of a newly acquired organization and/or subsidiary of the **Policyholder** that fit the **Class Description**; or

2)      all eligible members of an organization the **Policyholder** has newly acquired or formed that fit the **Class** description.

The acquisition or formation of another entity must occur during the Policy Period shown in Section I of the Declarations. The **Policyholder** will report to the **Company** the name of such newly acquired or formed organization and/or subsidiary, together with information necessary for the **Company** to determine the appropriate additional premium. Coverage will be effective on the acquisition or formation date and will be provided for no more than ninety (90) days, unless the required report has been received by the **Company** and the additional premium has been agreed upon and paid. In any event, the **Policyholder** will be responsible for the payment of premium for the period such coverage remains in effect.

 



**CHUBB**

### *Blanket Accident Insurance*

---

**Physical Examination And Autopsy**

We have the right to have the **Insured Person** examined by a **Physician** approved by the Company, as often as reasonably necessary while a claim is pending. We may also have an autopsy done, unless prohibited by law. Any examinations or autopsies that we require will be done at our expense and by a **Physician**.

---

**Premium Provisions**

The **Policyholder** will pay all premium due under this policy, subject to the grace period specified under Cancellation, Nonrenewal and Grace Period. Annual Premiums and Deposit Premiums are due at the beginning of the policy period and each future anniversary unless otherwise indicated on the Premium Summary.

If premiums are auditable, we will compute the earned premium for each audit reporting period based on the applicable rates and exposures. The **Policyholder** must keep records of the information we need to perform the audit and send us copies at our request.

If the policy is written subject to adjustment, then the **Policyholder** must report to us the complete information for the reporting period shown in the Premium Summary. The **Policyholder** must submit the reports within the specified number of days after the end of each reporting period.

At the expiration of the policy period or when the policy is terminated, earned premium will be determined based on the reported values or exposures. If the resulting earned premium is less than the Deposit Premium, if any, we will return the excess to the **Policyholder**. If the resulting earned premium is greater than the Deposit Premium, if any, we will bill the **Policyholder** for the additional premium. The **Policyholder** will pay us within thirty (30) days any additional premium generated from the audit or premium adjustment.

---

**Premium Rate Changes**

We may change the premium rates for this policy as of any policy anniversary date. We will give the **Policyholder** at least thirty (30) days prior written notice.

---

**Record Examination And Audit**

We may examine the **Policyholder's** books and records relating to this policy at any time during the policy term and up to three (3) years after expiration of the policy or until final adjustment and settlement of all claims under this policy, whichever is later.

---

**Record Maintenance**

The **Policyholder** must maintain information pertaining to **Hazards** and Persons Insured, such as, but not limited to, compensation of the **Insured Persons** and beneficiary designations.

---

**Statement By Policyholder Or Insured Person And Incontestability**

We will not use any statements made by the **Policyholder** or an **Insured Person** to void the insurance or reduce benefits payable under this policy, or to otherwise contest the validity of this policy, unless such statements are contained in a written document signed by the **Policyholder** or the **Insured Person**. If we rely on such statements for this purpose, we will provide a copy of the written document to the **Policyholder**, the **Insured Person**, the **Insured Person's** designee or beneficiary, as appropriate.

We will consider all statements made by the **Policyholder** and the **Insured Person** to be representations and not warranties.



| **Statement By Policyholder Or Insured Person And Incontestability** *(continued)* | Except for nonpayment of premium, we will not use statements made by the **Policyholder** or an **Insured Person** regarding insurability to contest the validity of this policy when the statements are made more than two (2) years after this policy has been in force during the **Policyholder's** or **Insured Person's** lifetime. |
|---|---|
| | Nothing in this section will preclude us from asserting, at any time, defenses based upon a claimant's ineligibility for coverage under this policy, or upon any other policy provision. |
| ***Titles Of Paragraphs*** | The titles of the various paragraphs of this policy and any endorsements attached to this policy are inserted solely for convenience of reference and do not limit or affect in any way the provisions to which they relate. |
| ***Workers' Compensation*** | The benefits payable under the policy are not in lieu of and do not affect any requirement for Workers' Compensation Insurance. |





## *Blanket Accident Insurance*

## CHUBB

---

## *Endorsement*

| | |
|---|---|
| **Policy Period** | JANUARY 1, 2004  TO  JANUARY 1, 2007 |
| **Effective Date** | JANUARY 01, 2004 |
| **Policy Number** | 6406-86-39 |
| **Policyholder** | NATIONAL BASKETBALL ASSOCIATION, ETAL |
| **Name of Company** | FEDERAL INSURANCE COMPANY |
| **Date Issued** | DECEMBER 11, 2003 |

---

**Armed Services**

The following amends the Blanket Accident Insurance Contract:

It is agreed that Section IV – Exclusions of the Contract is amended to include:

**Service In The Armed Forces**

This insurance does not apply to an **Accident** occurring while an **Insured Person** is participating military action in the Armed Forces of any country or established international authority. Howeve orders to active military service for sixty (60) consecutive days or less shall not constitute service the Armed Forces.

All other terms and conditions of the policy remain unchanged.

*Robert Hamburger*

**Authorized Representative**





*Blanket Accident Insurance*

**CHUBB**

## Endorsement

| | |
|---|---|
| Policy Period | JANUARY 1, 2004  TO  JANUARY 1, 2007 |
| Effective Date | JANUARY 01, 2004 |
| Policy Number | 6406-86-39 |
| Policyholder | NATIONAL BASKETBALL ASSOCIATION, ETAL |
| Name of Company | FEDERAL INSURANCE COMPANY |
| Date Issued | DECEMBER 11, 2003 |

**New York Foreign National Facility Of Payment**

The Policy is hereby amended as follows:

(1) Under the Common Policy Conditions, Form 44-02-0895 (Ed. 1-95), the Beneficiary provision is amended to add the following:

(A) If an **Insured Person** entitled to receive a **Benefit Amount** for covered loss, or a designated beneficiary or other person entitled to receive a **Loss of Life** benefit for covered loss, is a **Foreign National**, and we are unable to make payment directly to such **Foreign National** as a matter of law in the jurisdiction where such **Foreign National** is located, then:

(i) we will pay an account of such **Foreign National** in the United States of America; or

(ii) if we are unable to make payment as per (i) above because such **Foreign National** is unable or unwilling to identify an account in the United States of America, we will pay the **Policyholder** on behalf of such **Foreign National**. It shall then be the responsibility of the **Policyholder** to remit payment of the **Loss of Life** benefit or other **Benefit Amount** to such **Foreign National**.

Nothing herein shall be construed as a designation of the **Policyholder** as the **Insured Person's** beneficiary.

(B) If an **Insured Person** entitled to receive a **Benefit Amount** for covered loss, or a designated beneficiary or other person entitled to receive a **Loss of Life** benefit for covered loss, is a United States citizen resident in a jurisdiction other than the United States of America, and we are unable to make payment directly to such **Insured Person**, designated beneficiary or other person as a matter of law in the jurisdiction where such person is located, then we will pay an account of such **Insured Person**, designated beneficiary or other person located in the United States of America.



**New York Foreign National Facility Of Payment**
*(continued)*

(C)   Payment to the **Policyholder** of a **Loss of Life** benefit or other **Benefit Amount** for covered loss under this Policy, pursuant to the procedures set forth above, shall fully release us from any and all liability to the **Policyholder** for such covered loss. If the **Policyholder** fails to timely remit our payment for covered loss to any **Insured Person**, designated beneficiary or other person per the procedures set forth above, then the **Policyholder** shall indemnify us and hold us harmless against any and all liability incurred by us, including but not limited to interest, penalties and attorneys' fees, resulting from such failure to remit payment.

If we must make a second payment for such covered loss to an **Insured Person**, designated beneficiary or other person (whether in the United States of America or otherwise), then we shall be fully released from any and all liability for such covered loss to such **Insured Person**, designated beneficiary or other person to the extent of our second payment and the **Policyholder** shall repay to us any amounts received from us for such covered loss.

(2)   Under the Contract, Form 44-02-0894 (Ed. 1/95), Section V – Definitions is amended to add the following definition:

**Foreign National** means an **Insured Person**, designated beneficiary of an **Insured Person** or other person entitled to receive a **Loss of Life** benefit or other **Benefit Amount** for covered loss under this Policy, who is:

(i)    a citizen of a jurisdiction other than the United States of America; and

(ii)   resident in such jurisdiction.

All other terms and conditions of the policy remain unchanged.

Authorized Representative   *Robert Hamburger*

  

**CHUBB**

## *Blanket Accident Insurance*

### *Hazard*

| | |
|---|---|
| *Policy Period* | JANUARY 1, 2004  TO  JANUARY 1, 2007 |
| *Effective Date* | JANUARY 01, 2004 |
| *Policy Number* | 6406-86-39 |
| *Policyholder* | NATIONAL BASKETBALL ASSOCIATION, ETAL |
| *Name of Company* | FEDERAL INSURANCE COMPANY |
| *Date Issued* | DECEMBER 11, 2003 |

**Common Carrier Business And Pleasure**

**Common Carrier Business and Pleasure Hazard** means the circumstances, subject to the terms and conditions of this policy, arising from and occurring while the **Insured Person** is in, entering, exiting or being struck by a conveyance operated by a common carrier licensed to carry the public for a fee or a conveyance operated by a military transport service.

  

## Blanket Accident Insurance

**CHUBB**

## Hazard

| | |
|---|---|
| *Policy Period* | JANUARY 1, 2004   TO   JANUARY 1, 2007 |
| *Effective Date* | JANUARY 01, 2004 |
| *Policy Number* | 6406-86-39 |
| *Policyholder* | NATIONAL BASKETBALL ASSOCIATION, ETAL |
| *Name of Company* | FEDERAL INSURANCE COMPANY |
| *Date Issued* | DECEMBER 11, 2003 |

**24 Hour Business And Pleasure Family Coverage Extension**

24 Hour Business and Pleasure Family Coverage Extension Hazard means all circumstances, subject to the terms and conditions of the policy, to which the **Insured Person** may be exposed.

**24 Hour Business And Pleasure Extension**

*Family Coverage*

24 Hour Business and Pleasure Family Coverage Extension Hazard includes travel by the spouse of an **Insured Person** and the **Insured Person's** unmarried **Dependent Children** while traveling with, and in conjunction with, the **Insured Person's Business Travel** or the **Insured Person's Relocation**, provided the trip is authorized by and at the expense of the **Policyholder**. The **Benefit Amounts** for **Accidental Loss of Life** are $50,000      for the spouse and $25,000      for each **Dependent Child**.

Family Coverage begins at the actual start of a trip whether the point of origin is from the **Insured Person's** residence or regular place of employment, whichever occurs last. Family Coverage ends immediately upon return to the **Insured Person's** residence or regular place of employment, whichever occurs first.

The **Benefit Amounts** for the spouse and **Dependent Children** are provided at no additional cost to you. You may purchase additional **Benefit Amounts** for the Family Coverage Extension and we will charge you an additional premium. If you purchase additional **Benefit Amounts**, the **Benefit Amounts** shown in Section IV of the Declarations, Benefits, will reflect the total **Benefit Amount** including the **Benefit Amounts** shown above.

## Definitions

*Business Travel*

Business Travel means traveling while on assignment by or at the direction of the **Policyholder**. Business Travel does not include **Commutation**.

## Definitions
(continued)

**Commutation**

Commutation means travel between the **Insured Person's** residence and regular place of employment.

**Dependent Child Or Children**

**Dependent Child** or **Children** means those children, including adopted children and those children placed for adoption, who are primarily dependent upon the **Insured Person** for maintenance and support, and who are:

1)  under the age of nineteen (19) and reside with the **Insured Person**; or

2)  beyond the age of nineteen (19), permanently mentally or physically challenged, and incapable of self-support; or

3)  under the age of twenty-five (25) and classified as full-time students at an institution of higher learning.

**Relocation**

Relocation means assignment to a new regular place of employment that is more than fifty (50) miles from the prior place of employment. **Relocation** does not include the closing of operations at one location and moving those operations and employees to other locations.

 



## Blanket Accident Insurance

### Endorsement

| | |
|---|---|
| *Policy Period* | JANUARY 1, 2004  TO  JANUARY 1, 2007 |
| *Effective Date* | JANUARY 01, 2004 |
| *Policy Number* | 6406-86-39 |
| *Policyholder* | NATIONAL BASKETBALL ASSOCIATION, ETAL |
| *Name of Company* | FEDERAL INSURANCE COMPANY |
| *Date Issued* | DECEMBER 11, 2003 |

**Loss Of Use**

The following definitions are added to Section V of the Blanket Accident Insurance Contract, Definitions:

**Loss of Use** means the permanent and total inability of the specified body part to function, as determined by a **Physician** approved by the **Company**.

*Loss Of Use Of Arm*

**Loss of Use of Arm** means the **Loss of Use** of the arm at or above the elbow joint.

*Loss Of Use Of Foot*

**Loss of Use of Foot** means the **Loss of Use** of the foot at or above the ankle joint.

*Loss Of Use Of Hand*

**Loss of Use of Hand** means the **Loss of Use** at or above the knuckle joints of at least four (4) fingers on the same hand or at least three (3) fingers and the thumb on the same hand.

*Loss Of Use Of Leg*

**Loss of Use of Leg** means the **Loss of Use** of the leg at or above the knee joint.

**Claim Payment**

We will pay the following specified percent of **Loss of Life Benefit Amount**, if the **Accident** causes the **Insured Person** to suffer **Loss of Use**.

| Loss of Use | Percent of Loss of Life Benefit Amount |
|---|---|
| One Hand or One Foot | 25% |
| Both Hands or Both Feet or a Combination of a Hand and a Foot | 50% |
| One Arm or One Leg | 50% |
| Both Arms or Both Legs or a Combination of an Arm and a Leg | 75% |
| Both Arms and Both Legs | 100% |



**Claim Payment**
*(continued)*

If an **Insured Person** has multiple **Losses** as the result of one **Accident**, we will pay only the single largest **Benefit Amount** applicable to the **Losses** suffered.

All other terms and conditions of the policy remain unchanged.

*Authorized Representative*                    *Robert Hamburger*



## *Blanket Accident Insurance*

CHUBB

---

### *Endorsement*

| | |
|---|---|
| *Policy Period* | JANUARY 1, 2004  TO  JANUARY 1, 2007 |
| *Effective Date* | JANUARY 01, 2004 |
| *Policy Number* | 6406-86-39 |
| *Policyholder* | NATIONAL BASKETBALL ASSOCIATION, ETAL |
| *Name of Company* | FEDERAL INSURANCE COMPANY |
| *Date Issued* | DECEMBER 11, 2003 |

---

**Owned Or Leased Aircraft Extension**

The Aircraft Owned, Leased or Operated Exclusion in Section IV of the Blanket Accident Insurance Contract, Exclusions, does not apply to the aircraft(s) listed below when piloted by the person(s) listed below:

*Aircraft*

| Make | Model | Year Built | Airworthiness Certificate Number | Seating Capacity Including Crew |
|---|---|---|---|---|
| * | * | * | * | - |

---

*Pilot(s)*

*AIRCRAFT AND PILOTS ARE ON FILE WITH THE POLICYHOLDER.

Any replacement pilot in a life threatening emergency is included.

---

**Temporary Substitute Aircraft**

If any aircraft listed above is inoperable, then any aircraft used as a substitute aircraft is included as a covered aircraft, but only if:

1.  the pilot is certified to operate the substitute aircraft; and

2.  the substitute aircraft:

    a.  is of a type similar to the inoperable aircraft; and

    b.  has an airworthiness cerificate that is equivalent or better than the inoperable aircraft.

Temporary Substitute Aircraft coverage ends after thirty (30) days has passed from the date the listed aircraft became inoperable.

The Limit Of Insurance for any Temporary Substitute Aircraft will be the Limit applicable to the aircraft being substituted.

---

**Newly Acquired Aircraft**

A newly acquired aircraft is included, but only if:

---

*continue*



*(continued)*

1.    the pilot is certified to operate the newly acquired aircraft; and

2.    the newly acquired aircraft:

    a.    is of a type similar to the aircraft listed above; and

    b.    has an airworthiness certificate that is equivalent or better than the aircraft listed above.

Newly acquired aircraft coverage ends after thirty (30) days from the date the aircraft is first acquired. The **Policyholder** must pay any additional premium, if any, from the date the aircraft was first acquired.

If the newly acquired aircraft is a replacement, the Limit Of Insurance will be the Limit applicable to the aircraft replaced. If the newly acquired aircraft is an additional aircraft, the maximum Limit of Insurance will be the lowest applicable Limit stated in Section V of the Declarations, Maximum Limit of Insurance.

With respect to the Owned or Leased Aircraft Extension only,

1.    Section IV of the Declarations, **Accidental Loss of Life Benefit Amounts**, is amended for the following **Class(es)** and **Hazard(s)**:

    The following are the **Accidental Loss of Life Benefit Amounts** for each **Class** and corresponding **Hazard(s)**:

| Class | Hazard | Benefit Amount |
|-------|--------|----------------|
| 1 | 24 HOUR BUSINESS & PLEASURE | SEE 44-02-0936 |
| 2 | 24 HOUR BUSINESS & PLEASURE | $500,000 |
| 3 | 24 HOUR BUSINESS & PLEASURE | $300,000 |
| 4 | 24 HOUR BUSINESS & PLEASURE | $500,000 |
| 5 | 24 HOUR BUSINESS & PLEASURE | $500,000 |
| 6 | 24 HOUR BUSINESS & PLEASURE | $100,000 |

The Owned or Leased Aircraft Extension applies only to the **Classes(es)** listed above.

2.    Section V of the Declarations, Maximum Limit of Insurance is amended as follows:

    The following are the maximum amounts we will pay:

    **Amended Limit Of Insurance**

    $15,000,000          per   ACCIDENT

If more than one (1) **Insured Person** suffers a **Loss** in the same **Accident**, we will not pay more than the maximum Limit of Insurance shown above. If an **Accident** results in **Benefit Amounts** becoming payable, which when totalled, exceed the applicable Limit of Insurance shown above, the maximum Limit of Insurance will be divided proportionally among the **Insured Persons**, based on each applicable **Benefit Amount**.



**CHUBB**

## *Blanket Accident Insurance*

### *Endorsement*

| | |
|---|---|
| *Effective Date* | JANUARY 01, 2004 |
| *Policy Number* | 6406-86-39 |

All other terms and conditions remain unchanged.

Authorized Representative _____



## Blanket Accident Insurance

### Endorsement

| | |
|---|---|
| *Policy Period* | JANUARY 1, 2004  TO  JANUARY 1, 2007 |
| *Effective Date* | JANUARY 01, 2004 |
| *Policy Number* | 6406-86-39 |
| *Policyholder* | NATIONAL BASKETBALL ASSOCIATION, ETAL |
| *Name of Company* | FEDERAL INSURANCE COMPANY |
| *Date Issued* | DECEMBER 11, 2003 |

---

**Seat Belt**

The following definition is added to Section V of the Blanket Accident Insurance Contract, Definitions:

**Seat Belt** means a lap or lap and shoulder restraint device or a child restraint device, which meets the published standards of the National Safety Council and has been installed in accordance with the manufacturer's instructions.

We will pay an additional 10 percent of the **Accidental Loss of Life Benefit Amount** shown in Section IV of the Declarations, Benefits, up to a maximum amount of $50,000, if at the time of the **Accident**, the **Insured Person** suffers **Accidental Loss of Life** while:

1)      operating or riding in a **Private Passenger Automobile**, and

2)      utilizing a **Seat Belt**.

The **Seat Belt** usage must be verified by a licensed **Physician**, a coroner, a police officer or other person of competent authority. The **Seat Belt** must have been properly secured, and utilized in accordance with the recommendations of its manufacturer.

A **Benefit Amount** will not be paid if the **Insured Person** is driving or riding as a passenger in an race, or contest of any type.

---

**Definitions**

*Private Passenger Automobile*

**Private Passenger Automobile** means a four-wheeled motor vehicle with a maximum seating capacity of nine (9), manufactured and designed to travel on public roads.

All other terms and conditions of the policy remain unchanged.

*Authorized Representative*     *Robert Hamburger*



**CHUBB**

### *Blanket Accident Insurance*

## Endorsement

| | |
|---|---|
| *Policy Period* | JANUARY 1, 2004  TO  JANUARY 1, 2007 |
| *Effective Date* | JANUARY 01, 2004 |
| *Policy Number* | 6406-86-39 |
| *Policyholder* | NATIONAL BASKETBALL ASSOCIATION, ETAL |
| *Name of Company* | FEDERAL INSURANCE COMPANY |
| *Date Issued* | DECEMBER 11, 2003 |

**War Risk**

**Exclusions**

With respect to the **Class(es)** and **Hazard(s)** listed below, the **War** Exclusion in Section IV of the Contract, Exclusions, does not apply:

1.  during the period described below:
    From: JANUARY 1, 2004          To: JANUARY 1, 2007 ; and

2.  in the following territories:

    Anywhere in the world, except Afghanistan, Pakistan, Iran, Iraq, Israel, Syria, Kuwait, Saudi Arabia, Algeria and the Insured Person's country of permanent domicile.

This exception to the **War** Exclusion does not apply to the United States and Canada.

With respect to **War Risk** only,

1.  Section IV of the Declarations, **Accidental Loss of Life Benefit Amounts**, is amended for the following **Class(es)** and **Hazard(s)**:

| Class | Hazard | Benefit Amount |
|---|---|---|
| 1 | 24 HOUR BUSINESS & PLEASURE | SEE 44-02-0936 |
| 2 | 24 HOUR BUSINESS & PLEASURE | $500,000 |
| 3 | 24 HOUR BUSINESS & PLEASURE | $300,000 |
| 4 | 24 HOUR BUSINESS & PLEASURE | $500,000 |
| 5 | 24 HOUR BUSINESS & PLEASURE | $500,000 |
| 6 | 24 HOUR BUSINESS AND PLEASURE | $100,000 |

The **War Risk** Endorsement applies only to the **Class(es)** listed above.

2.  Section V of the Declarations, Maximum Limit of Insurance is amended as follows:

*(continued)*

The following are the maximum amounts we will pay:

**Amended Limit of Insurance**

$10,000,000          per  ACCIDENT

If more than one (1) **Insured Person** suffers a Loss in the same **Accident**, we will not pay more than the maximum Limit of Insurance shown above. If an **Accident** results in **Benefit Amounts** becoming payable, which when totalled, exceed the applicable Limit of Insurance shown above, the maximum Limit of Insurance will be divided proportionally among the **Insured Persons**, based on each applicable **Benefit Amount**.

---

**Cancellation, Nonrenewal And Grace Period**

The Cancellation, Nonrenewal and Grace Period Condition in the Common Policy Conditions is amended to include the following:

With respect to **War Risk** Endorsement only, the **Policyholder** may cancel the **War Risk** Endorsement at any time by sending the **Company** written notice. The effective date of the cancellation may not be earlier than the date the notice is received by the **Company**.
We may cancel the **War Risk** Endorsement by sending the **Policyholder** at least seven (7) days prior written notice.

---

**Premium Rate Changes**

The Premium Rate Changes Condition of the Common Policy Conditions is amended to include the following:

With respect to the **War Risk** Endorsement only, we will charge an additional premium based on the rates in effect, for **War Risk** territories, as determined by and on file with the **Company**, at the time of the exposure. If a premium rate change is needed to reflect conditions which change the **War Risk** exposure, we will give the **Policyholder** at least seventy-two (72) hours notice prior to a change in the **War Risk** rates.

All other terms and conditions remain unchanged.

*Authorized Representative*          *Robert Hamburger*



## Blanket Accident Insurance

### Endorsement

| | |
|---|---|
| *Policy Period* | JANUARY 1, 2004  TO  JANUARY 1, 2007 |
| *Effective Date* | JANUARY 01, 2004 |
| *Policy Number* | 6406-86-39 |
| *Policyholder* | NATIONAL BASKETBALL ASSOCIATION, ETAL |
| *Name of Company* | FEDERAL INSURANCE COMPANY |
| *Date Issued* | DECEMBER 11, 2003 |

**Psychological Therapy**

The following definition is added to Section V of the Blanket Accident Insurance Contract, Definitions:

**Psychological Therapy** means the **Reasonable and Customary** charges for treatment or counseling by a therapist or counselor, who is licensed, registered, or certified to provide such treatment, whether on an out-patient basis or while a patient at a medical facility licensed to provide such treatment.

The **Psychological Therapy** must be prescribed by a **Physician**.

**Definitions**

**Reasonable And Customary**

**Reasonable and Customary** means the lesser of:

1) The usual charge made by **Physicians** or other health care providers for a given service or supply; or

2) the charge we determine to be the prevailing charge made by **Physicians** or other health care providers for a given service or supply in the geographical area where it is furnished; or

3) the amount negotiated by the insurer and the health care provider.

**Claim Payment**

With respect to **Psychological Therapy** only, the following is added to the Claim Payment Condition of the Common Policy Conditions:

The **Psychological Therapy Benefit Amount** will be paid in addition to the **Accidental Loss of Life Benefit Amount** and other **Benefit Amounts** for **Losses** covered, if any, shown in Section IV of the Declarations, Benefits, if an **Accidental Bodily Injury** causes a **Loss** which results in the **Insured Person** requiring **Psychological Therapy**, as determined by a **Physician**. We will pay up to the specified percent of the **Accidental Loss of Life Benefit Amount** shown in Section IV of the Declarations, Benefits, for **Psychological Therapy**, until one of the following occurs:

1) the total **Psychological Therapy Benefit Amount** has been paid; or



| | | |
|---|---|---|
| **Claim Payment** (continued) | 2) | two (2) years have elapsed from the date of the **Accidental Bodily Injury**; or |
| | 3) | the **Insured Person** dies. |

All other terms and conditions of the policy remain unchanged.

*Authorized Representative*   Robert Hamburger



## Blanket Accident Insurance

**CHUBB**

### Endorsement

| | |
|---|---|
| *Policy Period* | JANUARY 1, 2004  TO  JANUARY 1, 2007 |
| *Effective Date* | JANUARY 01, 2004 |
| *Policy Number* | 6406-86-39 |
| *Policyholder* | NATIONAL BASKETBALL ASSOCIATION, ETAL |
| *Name of Company* | FEDERAL INSURANCE COMPANY |
| *Date Issued* | DECEMBER 11, 2003 |

---

**Rehabilitation/ Retraining**

The following definition is added to Section V of the Blanket Accident Insurance Contract, Definitions:

**Rehabilitation/Retraining** means the **Reasonable and Customary** charges for:

1) treatment by a therapist licensed, registered, or certified to provide such treatment; or

2) confinement in an institution, which is licensed to provide such treatment;

where the treatment is intended to retrain the **Insured Person** for work in any gainful occupation, including the **Insured Person**'s regular occupation.

The **Rehabilitation/Retraining** must take place under the direction of a certified vocational Rehabilitation specialist.

---

### Definitions

**Reasonable And Customary**

**Reasonable and Customary** means the lesser of:

1) the usual charge made by **Physicians** or other health care providers for a given service or supply; or

2) the charge we determine to be the prevailing charge made by **Physicians** or other health care providers for a given service or supply in the geographical area where it is furnished; or

3) the amount negotiated by the insurer and the health care provider.

---

**Claim Payment**

With respect to **Rehabilitation/Retraining** only, the following is added to the Claim Payment Condition of the Common Policy Conditions:

The **Rehabilitation/Retraining** Benefit Amount will be paid in addition to the **Accidental Loss** of Life Benefit Amount and other Benefit Amounts for Losses covered, if any, shown in Section IV of the Declarations, Benefits, if an **Accidental Bodily Injury** causes a **Loss** which:

1) prevents the **Insured Person** from performing the duties of the **Insured Person**'s regular occupation; and

**Claim Payment**
(continued)

2)    requires the **Insured Person** to obtain **Rehabilitation/Retraining**, as determined by a **Physician** approved by the **Company**.

We will pay up to the specified percent of the **Accidental Loss of Life Benefit Amount** shown in Section IV of the Declarations, Benefits, for specific costs for **Rehabilitation/Retraining**, until one of the following occurs:

1)    the total **Rehabilitation/Retraining Benefit Amount** has been paid; or

2)    two (2) years have elapsed from the date of the **Accidental Bodily Injury**; or

3)    the **Insured Person** dies.

All other terms and conditions of the policy remain unchanged.

*Authorized Representative*        *Robert Hamburger*



## Blanket Accident Insurance

### Endorsement

| | |
|---|---|
| *Policy Period* | JANUARY 1, 2004  TO  JANUARY 1, 2007 |
| *Effective Date* | JANUARY 01, 2004 |
| *Policy Number* | 6406-86-39 |
| *Policyholder* | NATIONAL BASKETBALL ASSOCIATION, ETAL |
| *Name of Company* | FEDERAL INSURANCE COMPANY |
| *Date Issued* | DECEMBER 11, 2003 |

The following amends the Blanket Accident Insurance Contract:

**EDUCATION EXPENSE**

With respect to the **Education Expense** Endorsement only, **Insured Person** does no include **Dependent Child or Children**.

The following is added to Section I of the Contract:

If **Accidental Bodily Injury** causes the **Insured Person's Loss of Life**, w will pay up to the **Education Expense Benefit Amount** shown below in addition to th **Loss of Life Benefit** Amount and other **Benefit amounts** for **Losses** covered, any.

This Coverage is applicable only if:  1)  such coverage is in effect on the date of the **Accident** and 2) the **Insured Person** has a **Dependent Child or children** at the time of **Los** who: a) are enrolled as full-time students at an **Institution of Higher Learning** on th date of the **Insured Person's Loss of Life** and incur **Education expense**; or subsequently enrolled as full-time students at an **Institution of Higher Learning** with two (2) years following the date of the **Insured Person's Loss of Life** and inc **Education Expense.**

We will make **Education Expense** payments for each eligible **Dependent Child** children.  However, the total annual payment for each **Dependent Child or childre** will not exceed the annual **Education Expense Benefit Amount** shown below.  O **Education expense** payment is limited to four (4) consecutive years for each **Depende** Child or Children.

If on the date of the **Insured Person's Loss of Life**, the **Insured Person** does have a **Dependent Child or Children** eligible for **Education Expense** payments, will pay a one-time **Benefit Amount** of $2,500 in addition to the **Loss of Life Benefi Amount.**  If we pay this one-time **Benefit Amount**, we will not pay any additio **Education Expense Benefit Amounts.**

**DEFINITIONS**

*continue*



**Education Expense** means the actual incurred costs for tuition, fees, and room and board billed by the **Institution of Higher Learning.** **Education Expense** also means costs for required books and required course supplies.

**Institution of Higher Learning** means any public or private college, university or professional trade school beyond the twelfth (12th) grade.

**EDUCATION EXPENSE**

**Benefit Amount**

Five (5) percent of the **Insured Person's Loss of Life Benefit Amount,** subject to a maximum of $5,000 for each **Dependent Child**

All other terms and conditions remain unchanged.

Authorized Representative _____ *Robert Hamburger* _____





## *Blanket Accident Insurance*

## *Endorsement*

| | |
|---|---|
| *Policy Period* | JANUARY 1, 2004  TO  JANUARY 1, 2007 |
| *Effective Date* | JANUARY 01, 2004 |
| *Policy Number* | 6406-86-39 |
| *Policyholder* | NATIONAL BASKETBALL ASSOCIATION, ETAL |
| *Name of Company* | FEDERAL INSURANCE COMPANY |
| *Date Issued* | DECEMBER 11, 2003 |

The following amends the Blanket Accident Insurance Contract:

The following subsidiaries and/or affiliates of the Policyholder are included as assocated Compani
under the Policy:

National Basketball Association
NBA Properties, Inc.
NBA Entertainment, Inc.
NBA International, Ltd.(as an inactive entity)
NBA Market Extension Partnership
NBA Market Extension Partnership d/b/a NBA TV Ventures
NBA Australia, Ltd.
NBA Asia, Ltd.
NBA Europe, SA
NBA Spain
NBA Japan
NBA Entertainment, Inc. d/b/a B-Ball Music
NBA Mexico, S.A. De C.V.
Planet Service, Inc.
NBA Services, Inc.
Womens' National Basketball Association
WNBA Enterprises, LLC, a Delaware Limited Liability Company
NBA Development, LLC, a Delaware Limited Liability Company
WNBA LLC
NBA Latin America
NBA Canada, Inc.
NBA Legends Foundation
NBA Entertainment, Inc. d/b/a NBA T.V. Ventures
Hall of Fame Properties, LLC
NBA Midwest, LLC, a Delaware Limited Liability Company
NBA Los Angeles, Inc.

*continue·*

All other terms and conditions remain unchanged.

_Authorized Representative_    _Robert Hamburger_



*Blanket Accident Insurance*

## Endorsement

| | |
|---|---|
| *Policy Period* | JANUARY 1, 2004  TO  JANUARY 1, 2007 |
| *Effective Date* | JANUARY 01, 2004 |
| *Policy Number* | 6406-86-39 |
| *Policyholder* | NATIONAL BASKETBALL ASSOCIATION, ETAL |
| *Name of Company* | FEDERAL INSURANCE COMPANY |
| *Date Issued* | DECEMBER 11, 2003 |

The following amends the Blanket Accident Insurance Contract:

**LOSS OF USE AMENDMENT**

Claim Payment shown in Loss of Use Endorsement (Form 44-02-0901) is amended as follows:

We will pay the following specified percent of Loss of Life Benefit Amount if the Accident caus
the Insured Person to suffer Loss of Use:

| LOSS OF USE | PERCENT OF LOSS OF LIFE BENEFIT AMOUNT |
|---|---|
| One hand or One foot | 100% |
| Both hands or both feet or a Combination of a hand and a foot. | 100% |
| One arm or one leg. | 100% |
| Both arms or both legs or a combination of an arm and a leg. | 100% |
| Both arms and both legs. | 100% |

continue

All other terms and conditions remain unchanged.

Authorized Representative    _Robert Hamburger_

 

**CHUBB**

## Blanket Accident Insurance

### Endorsement

| | |
|---|---|
| *Policy Period* | JANUARY 1, 2004   TO   JANUARY 1, 2007 |
| *Effective Date* | JANUARY 01, 2004 |
| *Policy Number* | 6406-86-39 |
| *Policyholder* | NATIONAL BASKETBALL ASSOCIATION, ETAL |
| *Name of Company* | FEDERAL INSURANCE COMPANY |
| *Date Issued* | DECEMBER 11, 2003 |

The following amends the Blanket Accident Insurance Contract:

Cancellation, Nonrenewal and Grace Period in the War Risk endorsment (Form 44-02-0933) amended as follows:

The phrase seven (7) days in the third paragraph is changed to ten (10) days.

All other terms and conditions remain unchanged.

*Authorized Representative*      *Robert Hamburger*