# Perennial
## L A W   G R O U P, LLP

---

## FAX TRANSMITTAL

---

**DATE:**   March 16, 2007                        **PAGES:**   __3__   (including this cover page)

**FROM:**            **FAX NUMBER:**            **PHONE NUMBER:**

Brian Lam          202.638.5564               202.638.5090

**FAX TO:**          **FAX NUMBER:**            **PHONE NUMBER:**

Loren Gibson       405.270.0903

David Little       405.236.4205


**MESSAGE:**

*Mayfield et al*

---

The attached information is *confidential* and is intended only for the use of the addressees named above. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, please note that any dissemination, distribution or copying of this communication is strictly prohibited. Anyone who receives this communication in error should notify us immediately by telephone and either destroy the faxed material or return the faxed material to us at the above address by United States mail.

The Willard Building
1455 Pennsylvania Avenue, N.W., Suite 225
Washington D.C. 20004
T 202.638.5090 | F 202.638.5564

Dockets.Justia.com



**National Basketball Referees Association**

May 23, 2007


Richard W. Buchanan, Esquire
Executive Vice President and General Counsel
National Basketball Association
Olympic Tower
645 Fifth Avenue
New York, New York 10022

Dear Mr. Buchanan:

The National Basketball Referees Association ("NBRA") has been contacted by attorneys Loren Gibson and David Little, who represent four former National Basketball Association ("NBA") referees – Terry Durham, Mike Mathis, James "Woody" Mayfield, and the estate of the late Ed Middleton (collectively, the "Employees").

Messrs. Gibson and Little contend that the NBA's employment of the Employees was terminated in a manner inconsistent with the terms of the previous collective bargaining agreements applicable to them at the time of their respective terminations (collectively, "CBAs"). They also assert that, had the Employees' employment been properly terminated by the NBA, they would each be entitled to receive certain termination-related payments and/or post-employment benefits as expressly provided under the CBAs. They also maintain that the NBRA owes a duty of fair representation to the Employees to enforce their contractual rights under the CBAs against the NBA.

As you know, my representation of the NBRA and its members commenced after the Employees' employment with the NBA ceased, and I do not have any direct knowledge or complete files of their employment with or termination by the NBA. However, it is my understanding that none of the Employees received a formal letter from the NBA setting forth the basis for his termination, the effective date thereof, or the provision of the applicable CBA under which the termination was carried out. Without this information, it is difficult for me to assess the Employees' claims. For this reason, I am requesting copies of the Employees' employment termination letters.

Based on the information that has been made available to me to date, it appears that the terminations of Messrs. Mayfield and Middleton are covered by the collective bargaining agreement in effect between the NBA and the NBRA from 1995 to 1999, and that the terminations of Messrs. Durham and Mathis are covered by the collective bargaining agreement in effect between the NBA and the NBRA from 1999 and 2004. Both of these CBAs provide for arbitration of certain types of employment terminations, and informal reviews of other types of employment terminations.

Richard W. Buchanan, Esquire
May 23, 2007
Page 2

Accordingly, to the extent that any of the Employees was terminated for good cause, I am formally requesting arbitration of the termination and the NBA's determination of good cause. To the extent that any of the Employees was terminated for a reason other than good cause, I am formally requesting an informal review of the termination by the Commissioner or his designee.

I look forward to discussing these matters with you in greater detail.

Very truly yours,

Brian E.J. Lam, General Counsel
National Basketball Referees Association

Copies:

NBRA Executive Board
Loren Gibson, Esquire
David Little, Esquire