IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. JAMES W. MAYFIELD, | ) | |
| 2. TERRY DURHAM, | ) | |
| 3. EDMUND MIDDLETON, | ) | |
| 4. MIKE MATHIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.: CIV-06-571W |
| | ) | |
| | ) | |
| 5. NATIONAL BASKETBALL ASSOCIATION, | ) | |
| Et al., | ) | |
| Defendants. | ) | |

**Second Motion to Enlarge Response to Defendants' Motion to Dismiss**

Comes Now, Plaintiffs, by and through Counsel, and respectfully moves the Court to enlarge Plaintiffs' deadline to respond to Defendants' May 9, 2007 Motion to Dismiss [Dkct. No. 27] for two weeks until July 13, 2007. In support hereof, Plaintiffs state as follows:

1. On May 9, 2007, Defendants filed a voluminous Motion to Dismiss, consisting of three propositions, 25 pages, 35 case citations, and over 200 hundred pages of attached affidavits and attachments. In short, Plaintiffs' request the 15 day enlargement to provide sufficient time to adequately respond to the lengthy motion.

2. New York City Counsel for Defendants, Howard Ganz, advises that Defendants object to the request as reflected in the attached email stream. Counsel for Plaintiffs, David Little, previously agreed to Defendants' request

1

to enlarge their deadline by 30 days to respond to the Complaint and file the present Motion to Dismiss, which this Court granted. [Dkct. No. 20]

3. On May 30, 2007, this Court previously granted a 30 day enlargement to the voluminous motion. [Dkct No. 33].

4. Plaintiff's Counsel has significantly worked on the response during the period of enlargement, and some propositions have been written. However, during past 30 days Plaintiff's Counsel were advised that the NBA was willing to explore an alternative dispute resolution process. Plaintiff's Counsel has spent its time working toward this process rather than "waste" time and client resources on a response brief that seemed unlikely to be needed at the time. Defendant's Counsel advised June 26, 2007 at nearly 8:00 p.m. that it was not interested in the ADR process.

5. As the Court will recall from the initial motion to enlarge [Dkct 32, ¶ 4] on May 23, 2007, Brian Lam, General Counsel for the National Basketball Association Referees Association ("NBRA"), wrote Defendants seeking their position on arbitrating the present claims under the collective bargaining agreement between the NBA & NBRA. Two-weeks ago, on the morning of June 12, 2007, Mr. Lam advised he had just had a conversation with Defendants' Counsel, Mr. Daniel Halem, of Proskauer Rose in New York City, and Mr. Lam desired a conference call with Mr. David Little and me to discuss their conversation. On June 14, 2007, Mr. Lam advised that he had discussed with Mr. Halem the concept of "binding mediation" whereby a mediator would try to mediate all the parties disputes (arbitration and the

2

present suit) and failing a settlement agreement would render a final and binding decision. Mr. Lam advised that Mr. Halem indicated the NBA was interested in this process, but had not yet committed to it.

6. Plaintiff's counsel needed some time to evaluate the proposal and discuss it with our clients, in four different states. On June 21, 2007, we advised Mr. Lam we were willing to use the ADR process but certain details needed to be worked out. This was confirmed in an email of June 22, 2007 to Mr. Lam who was taking the lead in exploring the ADR with the NBA. After not hearing back from Mr. Lam, on June 26, 2007 Plaintiff's Counsel emailed Mr. Halem agreeing to the ADR and outlining various details that need to be worked out. Late that night at 7:50 p.m., Mr. Halem advised via email that he had told Mr. Lam during the initial conversation of June 12, 2007 that the NBA was not willing to participate in this ADR process. This was the first notice or hint Plaintiff's Counsel had that the NBA was not interested in the ADR process.[1]

7. However, reading the notice by the NBA on June 27, 2007 did not provide sufficient time to finish the response to the behemoth motion to dismiss. Plaintiff's Counsel Loren Gibson is leaving for an out of state trip for the next four days, and with the intervening holiday next week, an additional two weeks is needed to finish the response to this intricate and voluminous motion.

---

[1] Mr. Halem had also requested clarification of the issues to be arbitrated. On June 19, 2007, Plaintiff's Counsel provided such via email. Plaintiff's Counsel further advised that "we are separately considering Mr. Lam's suggestion of binding mediation and will respond under separate cover." (Email attached). Mr. Halem did not respond and indicate he had already rejected such, nor did he indicate in any fashion that such an ADR process was unacceptable to Defendants.

3

8. Had Plaintiff's Counsel not been lead to believe that a final and binding ADR process was possible to resolve this matter, the response could have been completed.[2] Operating on the facts known to Plaintiff's Counsel, the better use of resources and time, for the clients and the Court, was to pursue the ADR program, when such would obviate the necessity of responding to the motion to dismiss.

9. This motion will not impact any other deadlines as there has not yet been a scheduling order.

10. This motion is not to vex or harass any party.

Wherefore, Premises Considered, Plaintiffs request the Court enlarge the deadline to respond to Defendants' Motion to Dismiss by fifteen (15) days.

Respectfully Submitted,

s/ Loren Gibson
Loren Gibson, OBA 14348
Gibson & Associates, P.L.C.
105 N. Hudson, Ste 312
Oklahoma City, OK 73102
405/270-0900
405/270-0903 (Fax)
Counsel for Plaintiffs

and

David W. Little, OBA # 14407
Law Offices of David W. Little
115 E. California – Bricktown
Miller-Jackson Building, Suite 350

---

[2] Plaintiff's Counsel is not taking a position on whether Mr. Halem actually disclaimed, or did not disclaim, the ADR process on June 12, 2007. However, the fact remains that Plaintiff's Counsel was lead to believe the NBA was interested in the process.

Oklahoma City, OK  73104-2418
telephone:  (405) 236-4200
facsimile:  (405) 236-4205
toll-free: (888) 236-6791
ATTORNEY FOR PLAINTIFFS

**Certificate of Service**

I, Loren Gibson, hereby certify that the above was served this May 29, 2007 to the following ECF registrants, via the Court's ECF System, in the above entitled cause:

Howard Ganz
Daniel Halem
Deidre Grossman
Proskauer Rose
1585 Broadway
New York, NY 10036


Graydon Dean Luthey, Jr.
Stephanie Horton
Hall Estill-Tulsa
320 S. Boston, Ste 400
Tulsa, OK 74103

Counsel for NBA, New Orleans/ Oklahoma City Hornets,
NBA Properties Inc, NBA Entertainment Inc,
NBA Media Ventures LLC

/s Loren Gibson