Case 5:06-cv-00571-W    Document 34-2    Filed 06/28/2007    Page 1 of 5

| | |
|---|---|
| **From:** | Loren Gibson [lgibson@legalavenger.net] |
| **Sent:** | Wednesday, June 27, 2007 3:51 PM |
| **To:** | 'Ganz, Howard' |
| **Subject:** | RE: Mayfield v. NBA- Binding Mediation |
| **Attachments:** | Loren Gibson, Esq.vcf |



Loren Gibson, Esq.vcf (4 KB)

The answer to your question is that Mr. Halem's description of the conversation with Mr. Lam was not communicated to us. In fact, the contrary was communicated. However, I will advise the court of your position even though I find it less than cooperative.

The above, including any attachment(s), is intended only for the named recipient(s). This email contains confidential information, which is presumptively protected under the attorney-client or work product privileges. You are advised that any review, retransmission, dissemination or other use of this information, directly or indirectly, by persons or entities other than the named recipient, or their agent(s), is strictly prohibited. If you received this in error, you are requested to please immediately advise the sender via telephone or email, and remove the message from all electronic servers, hard drives, electronic storage devices, and to destroy all hard copies. Your cooperation is appreciated in advance.
Loren Gibson, Esq.
Gibson & Associates, P.L.C.
105 N. Hudson, Ste 312
Oklahoma City, OK 73102
(405)270-0900
(405)270-0903 (fax)


-----Original Message-----
From: Ganz, Howard [mailto:HGanz@proskauer.com]
Sent: Wednesday, June 27, 2007 3:35 PM
To: Loren Gibson
Cc: Halem, Daniel
Subject: FW: Mayfield v. NBA- Binding Mediation
Importance: High

Dear Mr. Gibson:

In Mr. Halem's absence, I am responding to you on behalf of the NBA.

We fail to understand how there could have been a "mis-communication" with respect to the NBA's position. Mr. Halem was very clear with Mr. Lam that the NBA was not willing to consider any binding mediation. Accordingly, we see no basis for the requested enlargement and the NBA will not consent to your request for such an enlargement.

Dockets.Justia.com

Howard L. Ganz | PROSKAUER ROSE LLP
1585 Broadway | New York, NY 10036-8299
V: 212.969.3035 | F: 212.969.2900
hganz@proskauer.com | www.proskauer.com

----- Original Message -----
From: Loren Gibson <lgibson@legalavenger.net>
To: Halem, Daniel
Sent: Wed Jun 27 11:20:42 2007
Subject: RE: Mayfield v. NBA- Binding Mediation

Obviously there has been some type of mis-communicanation. On June 14, 2007 Mr. Lam approached use with the binding mediation concept and we understood the NBA was willing to explore the idea. We have spent the past two weeks working towards such.

Given the delay, we still plan on asking the Court for a two week enlargement, particularly as I am out of town the next 4 days.
Please advise as to the NBAs position on a general enlargement.

The above, including any attachment(s), is intended only for the named recipient(s). This email contains confidential information, which is presumptively protected under the attorney-client or work product privileges. You are advised that any review, retransmission, dissemination or other use of this information, directly or indirectly, by persons or entities other than the named recipient, or their agent(s), is strictly prohibited. If you received this in error, you are requested to please immediately advise the sender via telephone or email, and remove the message from all electronic servers, hard drives, electronic storage devices, and to destroy all hard copies. Your cooperation is appreciated in advance.
Loren Gibson, Esq.
Gibson & Associates, P.L.C.
105 N. Hudson, Ste 312
Oklahoma City, OK 73102
(405)270-0900
(405)270-0903 (fax)


-----Original Message-----
From: Halem, Daniel [mailto:DHalem@proskauer.com]
Sent: Tuesday, June 26, 2007 7:50 PM
To: lgibson@legalavenger.net

Mr. Gibson,

As I indicated to Brian Lam during our telephone conversation, the NBA has no interest in engaging in binding mediation. As a result, we do not agree to extend the time by which your opposition brief must be served in order to explore an ADR alternative.

Daniel Halem


----- Original Message -----
From: Loren Gibson <lgibson@legalavenger.net>
To: Halem, Daniel
Cc: Lam, Brian <blam@perennialsg.com>; David Little <dwlittle@telepath.com>
Sent: Tue Jun 26 17:52:21 2007
Subject: Mayfield v. NBA- Binding Mediation


Dear Mr. Halem:

I understand from NBRA General Counsel, Brian Lam, that on June 12, 2007 he explored with you the concept of using "binding mediation" to resolve all issues, including the lawsuit and arbitration. I do not know if he has had the chance since last Thursday to convey our position to you on this matter. However, as our briefing deadline to respond to the motion to dismiss is Thursday, 6-28-07, I need to advise the Court we are working on this. Hence, we intend to ask the court to delay the briefing for
2 weeks (longer if you desire) to permit the parties to successfully explore an ADR alternative. Please advise as to your objection or agreement.

Our position on the binding mediation is as follows:

"After consultation and reflection, Mr. Little and I are willing to explore "binding mediation" with the NBA on all claims, including those under the CBA and those in the pending litigation, Mayfield et al v. National Basketball Association et al, Western District of Oklahoma, CIV-06-571. As I understand it, the parties would engage in mediation to seriously attempt to reach a settlement agreement. If that failed, the mediator would make a final and binding decision in favor of one side or the other. A settlement would be executed by the Plaintiffs, NBA, and the NBRA, although Lam does not anticipate personally participating in the mediation.

3

We wish to explore certain ground rules for such. First, we need to select a mediator, who is also willing to make a binding decision. We could use an FMCS panel list and strike names or otherwise mutually agree to a mediator.

Second, each side would be responsible for the mediator's fees (although we would likely request the NBA to absorb such fees in the event of a settlement agreement).

Third, we need to explore submission of a pre-mediation statement outlining the parties position and legal theories.

Fourth, I envision the parties engaging in the mediation, and in the event that fails, the parties would then "switch gears" to the binding component. Likely this would entail something akin to "summary arbitration" with the lawyers making a short presentation, with opportunity to respond to the other side, and if desired by the parties and the mediator submission of a bench brief or post-mediation brief outlining any particular legal positions raised during the mediation and otherwise not anticipated in advance. "

Please advise as to your ideas.

The above, including any attachment(s), is intended only for the named recipient(s). This email contains confidential information, which is presumptively protected under the attorney-client or work product privileges. You are advised that any review, retransmission, dissemination or other use of this information, directly or indirectly, by persons or entities other than the named recipient, or their agent(s), is strictly prohibited. If you received this in error, you are requested to please immediately advise the sender via telephone or email, and remove the message from all electronic servers, hard drives, electronic storage devices, and to destroy all hard copies. Your cooperation is appreciated in advance.

Loren Gibson, Esq.

Gibson & Associates, P.L.C.

105 N. Hudson, Ste 312

Oklahoma City, OK 73102

(405)270-0900

(405)270-0903 (fax)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To ensure compliance with requirements imposed by U.S. Treasury Regulations, Proskauer Rose LLP informs you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

==============================================================
=====

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To ensure compliance with requirements imposed by U.S. Treasury Regulations, Proskauer Rose LLP informs you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

==============================================================
======