Law Offices of
# DAVID W. LITTLE, P.C.

Of Counsel: Ben T. Lampkin

115 E. California-Bricktown
Miller-Jackson Building, Suite 350
Oklahoma City, OK 73104
Offices Also in Norman, OK

Telephone: (405) 236-4200
Facsimile: (405) 236-4205
Toll Free: 1-888-236-6791
Email: davidwlittle@msn.com

July 12, 2004

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED:
7002 0510 0004 2890 3678

National Basketball Association
Plan Administrator
645 Fifth Avenue
New York, NY 10022

In RE:  *Woody Mayfield*
         *Ed Middleton*
         *Bill Oakes*
         *Mike Mathes*
         *Terry Durham*
         *Paul Mihalak*

Dear Plan Administrator:

## REQUEST FOR RECONSIDERATION

Pursuant to the Summary Plan Description, this letter will serve as a Request for Reconsideration of benefits denied the above named referees. It should first be noted that the NBA has failed to comply with its own Summary Plan Description. Specifically, the NBA is required to give notice that benefits are being denied, either in full or in part, and the "notice must explain the reason for the denial, including references to specific plan provisions on which the denial was based." Further, "the notice must give exact reasons for the decision, not just a general statement, it must be written in clear, understandable language". Instead of following its own provisions, the NBA has simply informed these gentlemen that their health insurance is being discontinued, dental insurance is being discontinued and life insurance is being discontinued. The NBA's self serving, conclusory statement that "these referees are not entitled to benefits" is insufficient.

## FACTUAL BACKGROUND

The six (6) referees making this Request for Reconsideration have worked for the NBA for as few as eleven (11) years to as many as twenty-nine (29) years. All have suffered injuries which have prevented the performance of all the material duties of their occupation. Four (4)

Page 2 of 2
July 12, 2004
RE: Mayfield, Middleton, Oakes, Mathes, Durham, Mihalak

---

of these gentlemen (Mayfield, Mihalak, Oakes, and Middleton) became disabled under the Collective Bargaining Agreement which covered the years 1995 – 1999. Two (2) of the referees (Durham and Mathes) became disabled under the contract which covered the period 2000-2004.

The relevant Collective Bargaining Agreements provide for medical, dental, and life insurance for its referees. The NBA has continued to pay for these benefits from the date each referee became disabled (ranging from four (4) to six (6) years prior) until May 18, 2004. At that time, the NBA unilaterally severed the benefits and violated the Collective Bargaining Agreement, ERISA laws, Federal Statutes, and case law.

## GROUNDS FOR APPEAL

### PAST PRACTICE

The NBA, through its counsel, is well aware of PAST PRACTICE as it relates to Collective Bargaining Agreements. A long line of Federal cases stand for the proposition that when two (2) parties to a Collective Bargaining Agreement perform certain acts (either consistent or inconsistent with the Collective Bargaining Agreement) that these acts (obligations and benefits) become part of the Collective Bargaining Agreement. At bar, the NBA has been paying health, dental, and life insurance for its disabled referees dating back to 1994 (Jack Madden). Additionally, the league has paid all the benefits of the six (6) disabled referees listed above for at least four (4) years and in some cases as many as six (6) years.

The NBA has engaged in a past practice (that the league was responsible for payment of these benefits) for approximately eleven (11) years that past practice has been incorporated into the Collective Bargaining Agreement.

### COLLECTIVE BARGAINING AGREEMENT PROVIDES FOR BENEFITS

The Collective Bargaining Agreement covering the years 1995 – 1999 makes no mention of "benefits" as it relates to referees who become disabled. However, the Collective Bargaining Agreement which covers 2000 – 2004 inserts the words "or benefits" as it relates to what a disabled referee would or would not be entitled to. If the parties had contemplated the 1995 CBA would not provide for full benefits for a disabled referee, it could have done so. It did not. Therefore, at a minimum, the four (4) referees governed by the CBA must be entitled to full benefits at the NBA's cost.

Next, the Collective Bargaining Agreements do not provide disability as a grounds for termination. The NBA has unilaterally decided that when a referee becomes disabled, he is terminated after one (1) year. That language does not exist in the Collective Bargaining Agreement and the NBA has been unable to point to any such language. Therefore, these gentlemen are still employed by the NBA and are entitled to all benefits associated with their employment.

Page 3 of 3
July 12, 2004
RE: Mayfield, Middleton, Oakes, Mathes, Durham, Mihalak

### VIOLATION OF ERISA LAWS

Finally, the NBA has, by its own statements and admissions, violated ERISA laws. Specifically, the NBA has taken the position that these gentlemen left their employment on the date of their disability (see notice of qualifying event). For example, Woody Mayfield, according to the NBA, left his employment in April of 1998. However, the NBA did not provide a COBRA notice to him until May 18, 2004, some six (6) years after the NBA states he left his employment. This is clearly a violation of ERISA laws. The NBA can be fined over $100 for the six (6) years it failed to provide Mr. Mayfield's COBRA notice. The fact that the NBA continued to pay benefits during that time is irrelevant as this is not a compensatory statute, but rather one of penalty.

Sincerely,

David Little