

# National Basketball Association

September 9, 2004

**By Facsimile and Certified Mail**

David W. Little, Esq.
David W. Little, P.C.
115 E. California-Bricktown
Miller-Jackson Building, Suite 350
Oklahoma City, OK 73104

Re:   Request for Reconsideration:   Woody Mayfield
                                     Ed Middleton
                                     Bill Oakes
                                     Mike Mathis
                                     Terry Durham
                                     Paul Mihalik

Dear Mr. Little:

As Plan Administrator of the NBA benefit plans providing medical, dental and life insurance benefits, I write in response to your July 12, 2004 "Request for Reconsideration" submitted on behalf of Woody Mayfield, Ed Middleton, Bill Oakes, Mike Mathis, Terry Durham and Paul Mihalik, individuals formerly employed by the NBA as referees (the "Former Referees").

According to your Request for Reconsideration, each of the above-named Former Referees is entitled to continued medical, dental and life insurance coverage under the applicable NBA benefit plans at no cost. I respectfully disagree with your assertion, and, as Plan Administrator, I have decided to uphold the NBA's determination that these Former Referees are not entitled to such continued coverage.

Although your principal contention appears to be that these Former Referees continue to be employed by the NBA as referees, your Request for Reconsideration itself acknowledges that each of these Former Referees became disabled from working as referees for the NBA some time ago and have performed no services as referees for the NBA for several years. In fact, in various communications, each of these Former Referees and/or their physicians advised the NBA and/or its disability carrier that he was permanently disabled from working as an NBA referee and would not return to his position as an NBA referee. Indeed, after they became disabled, three of the Former Referees (Messrs. Mayfield, Mihalik and Oakes) worked for the NBA in a supervisory capacity as Referee Observers, another fact directly at odds with your assertion that their employment as NBA referees continues even until now. In sum, it is clear that these Former Referees,

100 Plaza Drive · Secaucus NJ 07094 · (201) 865-1500 · Fax: (201) 974-5978

Dockets.Justia.com

who continue to receive long-term disability benefits under the NBA's Disability Plan, have not been employed (actively or otherwise) by the NBA as referees for years.

The terms and conditions governing the NBA's benefit plans, including, of course, an individual's eligibility for medical, dental and life insurance benefits, are set forth in the Summary Plan Description ("SPD"), a copy of which has already been furnished to you. With respect to medical, dental and life insurance, the SPD explicitly states that coverage ceases when a referee's "active employment" with the NBA ends. And, so as to eliminate any doubt with respect to a referee who has been disabled, the SPD also provides that after a referee has been continuously disabled for 12 months (as in the case of the Former Referees), employment with the NBA is terminated.

Because the Former Referees (i) left their employment as NBA referees years ago, and (ii) were not in the "active employment" of the NBA as referees in May 2004, when their medical, dental and life insurance benefits were terminated, I have concluded that the NBA properly terminated their coverage and, accordingly, deny your Request for Reconsideration.

I am aware, of course, that, because of an administrative oversight, the NBA continued to provide the Former Referees with insurance coverage at no cost to them far beyond the period within which the NBA may have been obliged to do so. I do not, however, believe that this oversight, which obviously inured to the benefit of the Former Referees, can serve as a basis for continued coverage that is inconsistent with the terms of the applicable benefit plans.

In your Request for Reconsideration, you advance certain assertions with respect to past practice under the Collective Bargaining Agreement between the NBA and the National Basketball Referees Association ("NBRA"). Although I do not believe these assertions are relevant to my interpretation, as Plan Administrator, of the provisions of the applicable benefit plans, I note that the "practice" you claim to rely upon -- the provision of complete, and entirely cost-free, medical, dental and life insurance coverage to individuals who have not worked at all as NBA referees for a number of years -- is completely inconsistent with the applicable language set forth in the SPD. In addition, even if the terms of the Collective Bargaining Agreement are interpreted in a manner most favorable to the Former Referees, there is plainly no provision that would entitle them to the cost-free benefit coverage you demand.

As for your suggestion that the NBA has acted unfairly or improperly, I am advised that, notwithstanding their lack of entitlement and notwithstanding their having enjoyed continued benefit coverage at no cost for several years, the Former Referees were offered an arrangement pursuant to which they could have continued their coverage under the NBA group medical and dental plans at the most favorable premium rates (and indeed, for some, at the substantially reduced rates paid by retirees), but that this proposed arrangement was rejected. In addition, it is my understanding that the Former Referees were provided substantial notice of the NBA's intention to terminate their coverage.

Finally, your Request for Reconsideration takes issue with the NBA's not having provided COBRA notices to the Former Referees when they first became disabled. Inasmuch as there was no loss of health coverage at that time (or even a delayed loss of coverage at some point before the COBRA period, even if applicable, would have expired), there was no obligation to provide such notices. Indeed, when the loss of coverage finally did occur in May 2004, COBRA notifications were in fact sent to each of the Former Referees, even though they had already received gratuitous coverage for a period longer than COBRA would require (and, thus, were not even entitled to the opportunity to elect COBRA coverage). I note also that the Former Referees were sent information regarding the right to extend and/or convert their life insurance coverage and, accordingly, have received all of the life insurance coverage that they are entitled to receive under the terms of the applicable plan.

For the reasons set forth above, the Request for Reconsideration of the NBA's denial of benefit coverage has been denied. The Former Referees are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to their claim. They also have the right to bring a civil action under Section 502(a) of ERISA if they wish to challenge the Plan Administrator's determination.

It is my understanding that you have been authorized to represent each of the Former Referees identified above and that you will advise them of this determination. Accordingly, I have sent this letter only to you. If you desire that I send copies of this letter directly to the Former Referees, please let me know, and I will do so promptly.

Very truly yours,

Robert Crigun
Plan Administrator


# National Basketball Association

## Facsimile

TO: David Little

FROM: Bob Criqui

DATE: September 9, 2004

FAX NUMBER: 405-236-4205

NUMBER OF PAGES: 4
(Including cover sheet)

**Finance Department Fax: (201)974-6092**

## MESSAGE

100 Plaza Drive · Secaucus NJ 07094 · (201) 865-1500 · Fax: (201) 974-5973

| TRANSMISSION VERIFICATION REPORT |
|---|

```
                                        TIME   : 09/15/2004 09:34
                                        NAME   : DAVID LITTLE PC
                                        FAX    : 4052364205
                                        TEL    : 4052364200
                                        SER. # : BROE2J370685
```

```
DATE,TIME              09/15 09:34
FAX NO./NAME           12019746092
DURATION               00:00:29
PAGE(S)                02
RESULT                 OK
MODE                   STANDARD
                       ECM
```

LAW OFFICE OF DAVID LITTLE
115 E. CALIFORNIA – BRICKTOWN
MILLER-JACKSON BLDG., SUITE 350
OKLAHOMA CITY, OK 73104
TELEPHONE: 405.236.4200
FACSIMILE: 405.236.4205

### FACSIMILE TRANSMITTAL SHEET

| TO: Dawn | FROM: David Little |
|---|---|
| COMPANY: | DATE: 9/15/2004 |
| FAX NUMBER: 1-201-974-6092 | TOTAL NO. OF PAGES INCLUDING COVER: 2 |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
| RE: | YOUR REFERENCE NUMBER: |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS: